**Affirm and Opinion Filed March 13, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-12-01386-CV

### HARRY DAVIS D/B/A FIRST HOME CONSULTING, Appellant
### V.
### CITIBANK, NA, AS TRUSTEE FOR WAMU SERIES 2007-HE2 TRUST, Appellee

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-12737-J**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Lewis
Opinion by Justice Francis

Harry Davis d/b/a First Home Consulting raises six issues challenging the trial court's summary judgment in favor of Citibank NA, as trustee for WaMu Series 2007-HE2 Trust. We affirm.

Anita and Hector Noeggerath were the title owners of the house at 327 West Cedar Creek Drive in Duncanville. In late December 2006, they executed a deed of trust for the benefit of the lienholder, Washington Mutual Bank, to secure a promissory note for $132,905. The deed was filed with the Dallas County Clerk's office on January 8, 2007. A little over a year later, the Noeggeraths signed a warranty deed conveying the property to Willie Holmes d/b/a Apex Properties and Management Company. The warranty deed, filed with the Dallas County Clerk on February 11, 2008, provided the conveyance was

subject to any and all conditions, easements, covenants, mineral reservations and conveyances, reservations and restrictions, if any, relating to the herein described property, to the extent and only to the extent, that the same may still be in force and effect, shown of record in the office of the County Clerk of Dallas county, Texas.

In December 2010, the deed of trust was assigned to Citibank as trustee for WaMu Series 2007-HE2 Trust. On April 5, 2011 the property was sold at a foreclosure sale to Citibank, the highest bidder; six days later, a substitute trustee's deed was recorded with the Dallas County Clerk. On April 21, 2011, Davis filed, and the Dallas County Clerk recorded, a document entitled "Account of Services and Notice of Lien" in which Davis purported to place a $60,000 lien on the property.

Citibank filed a forcible detainer suit in justice court claiming it was entitled to possession of the property. On September 9, 2011, the justice court signed a judgment, granting possession to Citibank. No appeal was filed.

On October 5, 2011, Davis filed suit in district court seeking a temporary restraining order, a temporary injunction, and a permanent injunction to enjoin Citibank from directly or indirectly evicting Davis from the property. In his amended petition, Davis claimed the "nature of the lawsuit" was wrongful foreclosure and statutory fraud in a real estate transaction; he also claimed the justice court had no jurisdiction over the forcible detainer suit. Citibank answered and later filed a motion for traditional and no evidence summary judgment. In the motion, Citibank claimed it was entitled to summary judgment because there was no evidence to support wrongful foreclosure or statutory fraud and Davis (1) had no superior right to possession, (2) had no standing to assert a claim for wrongful foreclosure, and (3) could not collaterally attack the justice court's judgment. After the trial court granted summary judgment, Davis appealed.

In his first issue, Davis claims the trial court erred by failing to set aside or vacate the justice court's judgment because the justice court did not have jurisdiction over Citibank's forcible entry and detainer suit.

Collateral attacks on final judgments are generally not allowed because policy favors finality of court judgments. *Browning v. Prostok*, 165 S.W.3d 336, 345 (Tex. 2005). To prevail on this issue, an appellant must prove that the justice court's judgment is void. *See id.* at 346 (only void judgment may be collaterally attacked). A judgment is void only when the court rendering the judgment (1) did not have jurisdiction of the parties or property, (2) did not have jurisdiction over the subject matter, (3) did not have jurisdiction to render the judgment, or (4) did not have the capacity to act as a court. *See id.*

Section 24.004 provides

Except as provided by Subsection (b), a justice court in the precinct in which the real property is located has jurisdiction in eviction suits. Eviction suits include forcible entry and detainer and forcible detainer suits. A justice court has jurisdiction to issue a writ of possession under Sections 24.0054(a), (a-2), and (a-3).

TEX. PROP. CODE ANN. § 24.004 (West Supp. 2013). The sole question presented to the trial court in a forcible entry and detainer suit is the right to immediate possession of property; title to property is not an issue. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). To prevail in a forcible entry and detainer action, a plaintiff is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Id*.

Citibank moved for summary judgment on Davis's collateral attack of the justice court judgment on the ground that the justice court did have jurisdiction, citing section 24.004 of the property code. In support of its motion, Citibank attached a copy of the justice court docket sheet showing (1) Citibank filed a forcible entry and detainer suit to determine right of

–3–

possession and (2) the justice court found in favor of Citibank. The burden then shifted to Davis to present summary judgment evidence raising a fact issue regarding the justice court's jurisdiction. Davis did not do so. Nothing in the record suggests the justice court was required to determine title issues in the forcible entry and detainer suit. Because the summary judgment evidence established, and Davis did not refute, that the justice court had jurisdiction over Citibank's forcible entry and detainer suit, we conclude the trial court did not err by granting Citibank summary judgment on this issue. We overrule Davis's first issue.

In his second, third, and fourth issues, Davis claims the trial court erred by granting summary judgment because there are fact issues about (1) the lien Davis attached to the property following foreclosure and (2) Davis's causes of action for statutory fraud and wrongful foreclosure.

Appellate briefs must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(h). Failure to comply with these requirements waives the issue on appeal. *See Dade v. Hoover*, 191 S.W.3d 886, 888 (Tex. App.—Dallas 2006, pet. denied.). To the extent Davis claims he made a prima facie showing of the elements of his claims in his amended petition, we note that pleadings are not summary judgment proof and may not be used to create a fact issue. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979). Davis failed to specify the evidence that raised the alleged fact issues on his claims and failed to cite where in the record this evidence may be found. In our review, we are not required to scour the record looking for unidentified fact issues that may be genuine or material. Davis has waived his argument with respect to the existence of genuine issues of material fact under issues two, three, and four. We overrule these issues.

In his fifth issue, Davis claims summary judgment was improper because Citibank failed to provide proper notice of foreclosure to Willie Holmes.

When more than one ground is asserted in a motion for summary judgment and the trial court does not specify the grounds on which it rendered summary judgment, an appellant must challenge each ground asserted. *See Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970). If an appellant fails to challenge one of the grounds for summary judgment, an appellate court may affirm the summary judgment on that ground alone. *See Worldwide Asset Purchasing, LLC v. Rent–A–Center E., Inc.*, 290 S.W.3d 554, 569 (Tex. App.—Dallas 2009, no pet.).

Citibank moved for summary judgment on the grounds Davis had no standing to challenge the foreclosure and, even if he had standing, there was no evidence to support his claim of wrongful foreclosure. The trial court granted summary judgment but did not specify the grounds for doing so. On appeal, Davis does not challenge the summary judgment on the ground that he lacked standing to challenge the foreclosure. We will affirm the summary judgment as to the wrongful foreclosure claim because Davis did not present argument challenging all grounds on which the summary judgment could have been granted. *See Berthelot v. Brinkmann*, 322 S.W.3d 365, 370 (Tex. App.—Dallas 2010, pet. denied). We overrule issue five. In light of our disposition of this issue, we need not address Davis's sixth issue complaining that Citibank did not prove it was the owner or holder of the note.

We affirm the trial court's summary judgment.

121386F.P05

/Molly Francis/
MOLLY FRANCIS
JUSTICE

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

HARRY DAVIS D/B/A FIRST HOME
CONSULTING, Appellant

No. 05-12-01386-CV      V.

CITIBANK, N.A., AS TRUSTEE FOR
WAMU SERIES 2007-HE2 TRUST,
Appellee

On Appeal from the 191st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-12737-J.
Opinion delivered by Justice Francis,
Justices Lang-Miers and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee CITIBANK, N.A., AS TRUSTEE FOR WAMU SERIES
2007-HE2 TRUST recover its costs of this appeal from appellant HARRY DAVIS D/B/A FIRST
HOME CONSULTING.

Judgment entered this 13th day of March, 2014.

/Molly Francis/
MOLLY FRANCIS
JUSTICE