Hannah Lucille DADE, Appellant

v.

J.F. HOOVER, Appellee.

No. 05–05–00527–CV.

Court of Appeals of Texas, Dallas.

April 26, 2006.

Nadine R. King–Mays, The King-Mays Firm, Dallas, for Appellant.

J.F. Hoover, Highland Village, pro se.

Anthony Jack, Dallas, Appellee.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

## OPINION

Opinion by Justice MORRIS.

This is an appeal from a summary judgment in a breach of contract action involving a real estate lien note. Hannah Lucille Dade, the maker of the note, asserts the trial court's judgment against her must be reversed because there is no evidence she refused service of the summary judgment motion or received notice of the hearing and there is no evidence of a valid contract between Dade and appellee J.F. Hoover. After reviewing the record, we conclude Dade's issues lack merit. We affirm the trial court's judgment.

According to the pleadings and summary judgment evidence, Dade executed the note on February 25, 1998 agreeing to pay Johnny and Gloria Edwards $33,750 in connection with her purchase of certain real estate. On that same date, Edwards executed a document entitled, "Transfer of Lien," assigning to Hoover all of his rights in the note and lien. Hoover sued Dade in 2003 seeking the unpaid balance due on the note. Hoover then moved for a traditional summary judgment asserting the evidence conclusively established Dade breached her obligations under the note and that he was entitled to the remaining balance. Dade did not respond to Hoover's summary judgment motion. The trial court granted summary judgment in Hoover's favor. Dade then filed a motion to vacate and set aside the trial court's judgment or, alternatively, a motion for new trial. The motion was denied by operation of law. Dade then appealed.

Before addressing the merits of the appeal, we first consider Hoover's contention that we lack jurisdiction over this case because Dade's notice of appeal was untimely. After conducting a thorough review of the record, we do not agree with Hoover's contention. We conclude that we

have jurisdiction to address the merits of this appeal.

Because Hoover moved for summary judgment on his breach of contract claim, he must conclusively establish each element of this cause of action. *See Boudreau v. Federal Trust Bank*, 115 S.W.3d 740, 743 (Tex.App.-Dallas 2003, pet. denied). Although Dade did not file a response to Hoover's summary judgment motion, she may nevertheless challenge the legal sufficiency of Hoover's summary judgment proof. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

■ In her first issue, Dade contends the summary judgment must be vacated or set aside because there was no evidence that she was given notice of the summary judgment hearing date or that she rejected or refused service of the motion for summary judgment. Dade's three paragraph argument under this issue contains no substantive analysis or legal authority to support her position. Texas Rule of Appellate Procedure 38 requires briefs to contain a clear and concise argument for the contention made with appropriate citations to authorities and the record. Dade's failure to cite any authority constitutes a waiver of the alleged error. *See* Tex.R.App. P. 38.1(h); *Kang v. Hyundai Corp.*, 992 S.W.2d 499, 503 (Tex.App.-Dallas 1999, no pet.).

■ Even absent waiver, however, we still would be unpersuaded by Dade's position. Our review of the summary judgment motion reveals Hoover's certification stating that he mailed the summary judgment motion to Dade's lawyer on October 6, 2004. Additionally, our record contains a transcript of the summary judgment hearing at which Hoover submitted into evidence a certified mail receipt and tracking document indicating an attempted delivery on October 7. Hoover further stated the document was not returned to him. Additionally, we have found no authority requiring Hoover to establish that Dade rejected or refused service of the summary judgment motion to prevail. To the extent that Dade attacks the trial court's denial of her motion to vacate under this issue, she has not established the trial court abused its discretion in this regard. We resolve Dade's first issue against her.

■ In her second and third issues, Dade complains about Hoover's failure to provide any evidence of a written contract between them. Hoover's summary judgment evidence included a transfer of lien executed by Edwards that assigned all of Edwards interest in Dade's note and lien to Hoover, as well as an affidavit by Hoover stating he is the current owner of Dade's note. This evidence was sufficient to establish Hoover's standing to prosecute the breach of contract claim against Dade and entitle him to judgment in his favor. We resolve Dade's second and third issues against her.

We affirm the trial court's judgment.