**Motion for Rehearing granted. Opinion of April 5, 2016, withdrawn. Affirmed in part, reversed and rendered in part, and reversed and remanded in part Substitute Opinion filed July 7, 2016.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-15-00542-CV

---

**RICHARD FAWCETT, KEVIN ROBERTS, DARRIN PITTS, GEORGE LILLARD, CHRISTOPHER MATTHEWS, ARMANDO FLORIDO, DAVID VOKOVIC, KEN KIRKPATRICK, JAMES LEMONS, DOUGLAS HISSONG AND DANNY FULLER, SR., Appellants**

**V.**

**BOGDAN GROSU, Appellee**

---

**On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2014-70041**

---

## S U B S T I T U T E   O P I N I O N

Appellants, Richard Fawcett, Kevin Roberts, Darren Pitts, George Lilliard, Christopher Matthews, Armando Florido, David Vukovic, Ken Patrick, James Lemons, Douglas Hissong, and Danny Fuller, Sr., bring an interlocutory appeal[1] of the trial court's order denying their motion to dismiss appellee Bogdan Grosu's

---

[1] *See* Tex. Civ. Prac. & Rem. Code § 27.008(c).

defamation suit against them and the award of attorney's fees to Grosu.

Appellants filed a motion for rehearing from our April 5, 2016, opinion. We grant the motion for rehearing, withdraw our prior opinion and judgment, and issue this opinion and a new judgment in their place.

We affirm in part, reverse and render in part, and reverse and remand in part.

## OVERVIEW

This appeal focuses on the "Texas Citizens Participation Act" or "TCPA," which is codified in Chapter 27 of the Civil Practices and Remedies Code under the heading "Actions Involving the Exercise of Certain Constitutional Rights." *See* Tex. Civ. Prac. & Rem. Code §§ 27.001–.011. This statute is an anti-SLAPP law, with "SLAPP" being an acronym for "Strategic Lawsuits Against Public Participation." *Jardin v. Marklund*, 431 S.W.3d 765, 769 (Tex. App.—Houston [14th Dist.] 2014, no pet.); *see Rehak Creative Servs. Inc. v. Witt*, 404 S.W.3d 716, 719 (Tex. App.—Houston [14th Dist.] 2013, pet. denied), *disapproved on other grounds by In re Lipsky*, 460 S.W.3d 579, 587–88 (Tex. 2015).

The "TCPA protects citizens from retaliatory lawsuits that seek to intimidate or silence them on matters of public concern." *In re Lipsky*, 460 S.W.3d at 586 (citing House Comm. on Judiciary & Civil Jurisprudence, Bill Analysis, Tex. H.B. 2973, 82nd Leg., R.S. (2011)). Chapter 27 seeks to "encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time protect the rights of a person to file meritorious lawsuits for demonstrable injury." Tex. Civ. Prac. & Rem. Code § 27.002. It does so by establishing a mechanism for early dismissal of lawsuits that threaten the right of free speech, the right to petition, or the right of association. *Rehak Creative Servs.*,

2

404 S.W.3d at 719. The statute is to be "construed liberally to effectuate its purpose and intent fully." *Id*. (citing Tex. Civ. Prac. & Rem. Code § 27.011(a)).

In this case, we must apply the TCPA to Grosu's defamation and invasion of privacy claims.

## BACKGROUND

All parties to this appeal are members of Gray Masonic Lodge 329, a fraternal organization, in Houston, Texas. On August 6, 2014, appellants signed a document entitled "Charges of Masonic Disciplinary Violations," charging Grosu and two other members with violating several Masonic rules.

The document states that the charges "were publically [sic] presented at the August 6th, 2014 stated meeting of Gray Lodge No. 329 ... in the presence of R.W. Dennis Billings District Deputy Grand Master, during his official visit to the lodge." The document also declared that everyone who "affixed their names" to the document were "in agreement to these charges." The details of the charges asserted against Grosu claimed that, among other things, he: (1) falsely gained admission into the Gray Lodge by "lying" on his membership application and to members assigned to vet his application by answering "no" when asked if he had ever been charged with a felony or misdemeanor involving moral turpitude or if he had ever been arrested or in trouble with the law; (2) has been charged and arrested "on several instances" for crimes involving moral turpitude, including a theft case in 1995, "among many others;" and (3) used race as a basis to try to deny applicants admission to Gray Lodge.

On October 24, 2014, after an investigation and formal hearings on the matter, the charges were determined to "not rise to the level of a Masonic disciplinary violation" and "dismissed."

3

On December 1, 2014, Grosu filed suit against the people who signed the charging document and asserted claims for (1) Defamation (crimes of moral turpitude), (2) Defamation (racial discrimination), and (3) invasion of privacy. Defendants answered with a general denial. No special exceptions, affirmative defenses or privileges were asserted. Later, on April 24, 2015, Grosu amended his petition to include additional defendants; he asserted claims for (1) Defamation (crimes of moral turpitude), (2) Defamation (racial discrimination), (3) invasion of privacy; and (4) civil conspiracy. Grosu further claims that appellants conspired to break the law by using illegally obtained background information against him. According to Grosu, appellants also "engaged in a conspiracy to defame, slander, libel, intimidate and preclude him from testifying as a witness to fraud, misappropriation of funds and embezzlement." Grosu seeks damages in the amount of $36 million. Appellants did not file an amended answer.

Appellants timely filed a motion and supplemental motion to dismiss based on Chapter 27 of the Civil Practice and Remedies Code.[2] Appellants' motion to dismiss claims the TCPA applies because Grosu's action is based on, relates to, and is in response to appellants' exercise of the right of free speech and the right of association. Appellants contend their evidence defeats Grosu's claims (if he could establish one) and their affirmative defenses of truth and qualified privilege also are prevailing. Finally, appellants argue Grosu's suit is subject to dismissal based on the doctrine of Texas courts of non-interference with the inner workings of voluntary, nonprofit associations like the Masonic Lodge.

Grosu did not file a response to appellants' motion and supplemental motion. Instead, at a hearing held before the trial court on June 12, 2015, Grosu's counsel argued that the statute does not require him to brief the matter and that he stands on his pleadings and affidavits.

---

[2] *See* Tex. Civ. Prac. & Rem. Code § 27.003(a).

Immediately after the hearing, appellants filed objections to Grosu's "alleged evidence" offered in response to their motion to dismiss. Appellants objected to Grosu's reliance on his second amended petition and exhibits F–K, attached thereto as evidence, claiming pleadings are not evidence and could not alone establish Grosu's prima facie case. Additionally, appellants objected to Grosu's reliance on exhibits A–E, which were attached to Grosu's original petition, asserting that they are no longer germane because the original petition has been superseded and it is not sufficient to incorporate the exhibits by reference.

The trial court denied appellants' "Motion to Dismiss Pursuant to Chapter 27 of the Civil Practices and Remedies Code" and awarded attorney's fees to Grosu on June 15, 2015. The trial court's order does not specify the grounds on which it denied appellants' motion to dismiss; the order only states that the court determined it was without merit.

Appellants timely filed a notice of accelerated appeal pursuant to Texas Civil Practice and Remedies Code § 27.008(c).

## ANALYSIS

Appellants argue that the trial court erred by denying their motion to dismiss Grosu's claims for defamation and awarding fees because (1) Grosu's lawsuit was based on, related to, or in response to appellants exercise of the right of association as defined in the TCPA; (2) Grosu failed to present clear and specific evidence of each element of his causes of action; and (3) there was no evidence to establish the fees awarded were reasonable and necessary.

We review the trial court's denial of appellants' motion to dismiss *de novo*. *Rehak Creative Servs.*, 404 S.W.3d at 725. In doing so, we "make[ ] an independent determination and appl [y] the same standard used by the trial court in the first instance." *Id*. Application of this standard is a "two–step process." *In re*

5

*Lipsky*, 460 S.W.3d at 586.  First, we must determine whether appellants have shown, by a preponderance of the evidence, that Grosu's legal action is "based on, relates to, or is in response to [appellants'] exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association."  *Id*. (citing Tex. Civ. Prac. & Rem. Code § 27.005(b)).  "If the movant is able to demonstrate that the plaintiff's claim implicates one of these rights, the second step shifts the burden to the plaintiff to 'establish[ ] by clear and specific evidence a prima facie case for each essential element of the claim in question.' " *In re Lipsky*, 460 S.W.3d at 587 (citing Tex. Civ. Prac. & Rem. Code § 27.005(c)).

## I.      Step One:  Does the TCPA apply to Grosu's claims?

We turn then to the issue of whether appellants have proven by a preponderance of the evidence that Grosu's legal action is based on, relates to, or is in response to appellants' exercise of the right of association.  A legal action that "is based on, relates to, or is in response to a party's exercise of . . . the right of association" falls under the protections of Chapter 27.  *See* Tex. Civ. Prac. & Rem. Code § 27.003(a); *accord* Tex. Civ. Prac. & Rem. Code § 27.005(b)(3).  " 'Exercise of the right of association' means a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." Tex. Civ. Prac. & Rem. Code § 27.001(2).

Appellants argue that TCPA applies to Grosu's claims, pointing out that Grosu's defamation claims are based on nearly identical claims that were in issue in *Fawcett v. Rogers*, ___S.W.3d___, No. 01–15–00121–CV, 2016 WL 210872, at *1–2 (Tex. App.—Houston [1st Dist.] Jan. 14, 2016, no pet h.).  In that case, Rogers served as treasurer for Gray Lodge for nearly three years. *Id.*, at *1.  On August 6, 2014, the same defendants as in this case signed a document entitled "Charges of Masonic Disciplinary Violations," charging Rogers and two other

6

members of violating several Masonic rules.[3]  *Id*.  The charges were publicly presented at the meeting and everyone who affixed their names to the document were in agreement to the charges.  *Id*.  The charges asserted against Rogers claimed, among other things, that he misappropriated organization funds.  *Id*.  In response to the charges, Rogers filed a defamation suit; appellants filed a motion to dismiss based on Chapter 27 of the Civil Practices and Remedies Code; and Rogers responded to the motion.  *Id*., at *1–2.  The trial court denied appellants' motion. *Id*., at *2.

The First Court of Appeals held that appellants' statements fell under Chapter 27.  *See Rogers*, 2016 WL 210872, at *3.  Rogers brought defamation claims against his fellow Masons.  *Id*.  All of the communications about which Rogers complained were made among Masons.  *Id*.  All appellants were members of the same lodge.  *Id*.  All of the complained-of communications concerned whether Rogers had violated internal rules of the organization.  *Id*.  The allegedly defamatory document that appellants signed sought review within the organization of Rogers's alleged actions.  *Id*.

We hold the same is true here.  Like *Rogers*, all of the communications about which Grosu complains were made among Masons.  *See Rogers*, 2016 WL 210872, at *3.  It is undisputed that all of the parties, as members of Masons, have joined together to collectively express, promote or defend common interests.  *See id*., at *4 (citing Tex. Civ. Prac. & Rem. Code § 27.001(2)).  All of the allegedly defamatory statements were between individuals seeking to defend their common interests.  *See id*.  Grosu's claims are based on these statements.  *See id*. §§ 27.003(a), 27.005(b)(3).  Appellants carried their burden of establishing that Chapter 27 applies.

Grosu argues that Chapter 27 does not apply because the chapter's

---

[3] The Masonic Charges against Rogers and Grosu were submitted at the same time.

protections are limited to *public* communications or participation in government. Because the communications at issue were only between private parties, Grosu argues, Chapter 27 does not apply to his claims. This argument was made and rejected in *Rogers*. *See Rogers*, 2016 WL 210872, at \*4. In that case, the court observed:

> The Supreme Court of Texas, however, has rejected this argument. In *Lippincott*, the court reviewed a lower-court's holding that Chapter 27 "only applies to communications that are public in form." *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 508 (Tex. 2015). The Supreme Court of Texas observed that the statute defined communication and did not limit the meaning to public communications. *Id.* at 509 (citing CIV. PRAC. & REM. § 27.001(1)). "Had the Legislature intended to limit the Act to publicly communicated speech, it could have easily added language to that effect. In the absence of such limiting language, we must presume that the Legislature broadly included both public and private communication." *Id.* (citations omitted). Accordingly, the private nature of the communications about which Rogers complains does not affect the applicability of Chapter 27 to his claims.

*Id.* As set forth above, the decision in *Lippincott* forecloses Grosu's contentions regarding the applicability of Chapter 27 to the private nature of his claims. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 508 (Tex. 2015).

Grosu also argues that Chapter 27 does not apply because "speech concerning a person's criminal history or alleged racist attitude" is not a protected matter of public concern under the chapter. A similar contention was raised and rejected in *Rogers*. *See Rogers*, 2016 WL 210872, at \*4. Here, as in *Rogers*, this argument ultimately concerns whether Rogers established the prima facie elements for his defamation claims (which we address below), not whether the claims fall under the chapter. *See id.* (citing Tex. Civ. Prac. & Rem. Code § 27.005(b)–(c)).

We sustain appellants' first issue.

## II.    Step Two:  Did Grosu establish a prima facie case for his claims?

In their second issue, appellants argue that Grosu failed to establish by clear and specific evidence prima facie proof for each element of his defamation claims. Appellants contend that Grosu did not file a response to appellants' motion to dismiss and put forth no evidence to meet his burden to establish a prima facie case.  Appellants also maintain that Grosu's second amended petition superseded his original petition and that he may not incorporate by reference exhibits A–E (which were attached to his original petition) into the amended petition.

Although it is undisputed that Grosu did not file a formal response to appellants' motion to dismiss,[4] Grosu argues that he pled and provided prima facie evidence for his claims.

### A.    Original and Second Amended Petitions

An amended petition adds to or withdraws from that which was previously pleaded to correct or to plead new matter, and completely replaces and supersedes the previous pleading.  Tex. R. Civ. P. 62; *J.M. Huber Corp. v. Santa Fe Energy Res., Inc.*, 871 S.W.2d 842, 844 (Tex. App.—Houston [14th Dist.] 1994, writ denied).  Once a pleading is amended and filed, all prior petitions are superseded and the previous pleading "shall no longer be regarded as a part of the pleading in the record of the cause."  Tex. R. Civ. P. 65; *see also Bennett v. Wood County*, 200 S.W.3d 239, 241 (Tex. App.—Tyler 2006, no pet.).  Pleading defects must be challenged *via* special exception and must be in writing.  *See* Tex. R. Civ. P. 90, 91; *Fort Bend County v. Wilson*, 825 S.W.2d 251, 253 (Tex. App.—Houston [14th Dist.] 1992, no writ).  The failure to do so constitutes waiver.  *See* Tex. R. Civ. P. 90; *see also Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 773 (Tex.

---

[4] During an oral hearing before the trial court on appellants' motion to dismiss, Grosu's counsel argued that the statute does not require he brief the matter and that he would stand on his pleadings, including his original petition and exhibits.

9

1978).

Here, Grosu filed a second amended petition; hence, his original petition and exhibits A–E attached thereto, were superseded. *See* Tex. R. Civ. P. 65. In his second amended petition, however, Grosu incorporates by reference exhibits A–E of his original petition. This was improper under Texas Rule of Civil Procedure 58, which prohibits adoption by reference in pleadings that have been superseded by an amendment. *See* Tex. R. Civ. P. 58. Appellants, however, did not file special exceptions, as is required by Rule 90, to Grosu's pleading defect. While we agree that the incorporation by reference was improper, we cannot agree that it precluded consideration of exhibits attached to the original petition and incorporated without objection into the second petition. *See Hawkins v. Anderson*, 672 S.W.2d 293, 295 (Tex. App.—Dallas 1984, no writ) (citing *Miller & Miller Auctioneers, Inc. v. Hillcrest State Bank of Univ. Park*, 430 S.W.2d 61 (Tex. Civ. App.—Dallas 1968, no writ)). We hold that Grosu's incorporation by reference in his second amended petition was a defect in form for which appellants' remedy was a special exception. *See id.* (holding that the incorporation by reference in the amended pleading was a defect in form for which remedy was a special exception). Appellants' failure to specifically except to Grosu's pleading defects in writing waived such defect. *See* Tex. R. Civ. P. 90. We therefore consider the exhibits as part of our analysis.

## B.    Evidentiary Standards

"The court may not dismiss a legal action under this section if the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code § 27.005(c). In making a determination of whether a legal action should be dismissed, courts are directed to consider "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code § 27.006(a).

The statute does not define "clear and specific evidence,"[5] but the Texas Supreme Court has interpreted the phrase to impose more than "mere notice pleading."[6] *In re Lipsky*, 460 S.W.3d at 590–91. The Supreme Court explained that the phrase "clear and specific evidence" neither imposes a heightened evidentiary burden nor categorically rejects the use of circumstantial evidence when determining the plaintiff's prima-facie-case burden under the TCPA. *Id.*, at 591. "Instead, a plaintiff must provide enough detail to show the factual basis for its claim." *Id.*, at 591.

"Prima facie evidence is evidence that, until its effect is overcome by other evidence, will suffice as proof of a fact in issue." *Duncan v. Butterowe, Inc.*, 474 S.W.2d 619, 621 (Tex. Civ. App.—Houston [14th Dist.] 1971, no writ). "In other words, a prima facie case is one that will entitle a party to recover if no evidence to the contrary is offered by the opposite party." *Id.* (citing *Simonds v. Stanolind Oil & Gas Co.*, 134 Tex. 332, 136 S.W.2d 207, 209 (1940)); *see also In re Lipsky*, 460 S.W.3d at 590 (prima facie evidence is the "minimum quantum of evidence

---

[5] "Clear and specific evidence is not a recognized evidentiary standard." *In re Lipsky*, 460 S.W.3d at 589.

[6] "[N]otice pleading—that is, general allegations that merely recite the elements of a cause of action—will not suffice." *In re Lipsky*, 460 S.W.3d at 590–91.

necessary to support a rational inference that the allegation of fact is true.") (quotations and citations omitted).

"Conclusory statements are not probative and accordingly will not suffice to establish a prima facie case." *Serafine v. Blunt*, 466 S.W.3d 352, 358 (Tex. App.—Austin 2015, no pet.) (citing *Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 355 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (citing *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 223-24 (Tex. 2004))). In other words, "bare, baseless opinions" are not "a sufficient substitute for the clear and specific evidence required to establish a prima facie case" under the Act. *In re Lipsky*, 460 S.W.3d at 592. "Opinions must be based on demonstrable facts and a reasoned basis." *Id*. at 593 (citing *Elizondo v. Krist*, 415 S.W.3d 259, 265 (Tex. 2013)).

Based on section 27.006(a)'s directive ("the court shall consider the pleading and supporting and opposing affidavits. . . .") and the Texas Supreme Court's interpretation that "pleadings and evidence" setting forth the factual basis for a claim are sufficient to resist a TCPA motion to dismiss, Grosu was permitted to rely on his pleadings (including exhibits) in response to appellants' motion to dismiss. *See In re Lipsky*, 460 S.W.3d at 591.

### C.    Grosu's Amended Petition and Exhibits A–K

In his second amended petition, Grosu alleges four causes of action: (1) defamation (Grosu has committed several crimes of moral turpitude); (2) defamation (Grosu is racist); (3) invasion of privacy; and (4) civil conspiracy. In their brief, Appellants argue that Grosu failed to establish a prima facie case for his claims because he did not file a response to their motion to dismiss and put forth no evidence to meet his burden to establish a prima facie case. As set forth above, appellants did not file special exceptions and have waived pleading defects regarding incorporation by reference of exhibits attached to Grosu's original

12

complaint. Exhibits relied upon by Grosu include his own affidavits as well as Masonic documents for membership application, Masonic documents charging him with wrongdoing, and Masonic documents dismissing such charges.

## 1. Defamation

We must decide whether the record contains a minimum quantum of clear and specific evidence that appellants defamed Grosu. In a suit by a private person against a non-media defendant in connection with a matter that is not of public concern, the elements for a defamation claim are (1) the publication of a statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages, in some cases. *See In re Lipsky*, 460 S.W.3d at 593 (identifying elements, but including burden of proving statement is false); *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995) (holding, for private-individual plaintiff against a non-media defendant, falsity of statement is generally presumed and truth of statement is affirmative defense); *see also Rehak*, 404 S.W.3d at 727 n.5. The requisite degree of fault for a private-individual plaintiff is negligence. *In re Lipsky*, 460 S.W.3d at 593.

Defamation per se refers to statements that are so obviously harmful that general damages may be presumed. *In re Lipsky*, 460 S.W.3d at 593. "Accusing someone of a crime, of having a foul or loathsome disease, or of engaging in serious sexual misconduct are examples of defamation per se." *Id.*, at 596. Additionally, "[r]emarks that adversely reflect on a person's fitness to conduct his or her business or trade are also deemed defamatory per se." *Id.* Whether a statement qualifies as defamation per se is generally a question of law. *Id.*

As set forth above, the Texas Supreme Court rejected the notion that the legislature imposed an elevated evidentiary standard or prohibited circumstantial evidence. *In re Lipsky*, 460 S.W.3d. at 591. "[A] plaintiff must provide enough detail to show the factual basis for its claim. In a defamation case that implicates

13

the TCPA, pleadings and evidence that establishes the facts of when, where, and what was said, the defamatory nature of the statements, and how they damaged the plaintiff should be sufficient to resist a TCPA motion to dismiss." *Id*. In determining whether the plaintiff presented a prima facie case, we consider only the pleadings and evidence in favor of the plaintiff's case. *D Magazine Partners v. Rosenthal*, 475 S.W.3d 470, 480 (Tex. App.—Dallas 2015, pet. filed).

### a. Crimes of moral turpitude

In this case, the Masonic document charging Grosu of wrongdoing begins by recognizing that charges were filed on behalf of Gray Lodge against Grosu and others. The document states that the charges "were public[ly] presented at the August 6th, 2014 stated meeting of Gray Lodge No. 329 ... in the presence of R.W. Dennis Billings District Deputy Grand Master, during his official visit to the lodge." All appellants signed the document.

The details of the charges asserted against Grosu accused him of having: (1) falsely gained admission into the Gray Lodge by "lying" on his membership application and to members assigned to vet his application by answering "no" when asked if he had ever been charged with a felony or misdemeanor involving moral turpitude or if he had ever been arrested or in trouble with the law; (2) been charged and arrested "on several instances" for crimes involving moral turpitude, including a theft case in 1995, "among many others;" and (3) using race discrimination as a basis to try to deny applicants admission to Gray Lodge.

The document in question shows on its face that appellants agreed to allegations of the charges and that the details of the charges were publicly presented at a lodge meeting. It stated that Grosu had lied to gain membership, committed "several" crimes of moral turpitude, including theft in 1995, and attempted to deny membership to others based on their race. *See In re Lipsky*, 460 S.W.3d at 593 (holding element of defamation is publication of statements of fact

14

to third party).

Certain factual assertions, if untrue, are deemed to be defamatory per se. *See In re Lipsky*, 460 S.W.3d at 596. Such assertions include "accusing someone of a crime." *Id.* Theft is a crime involving moral turpitude. *See* Tex. Penal Code § 31.03 (defining offense of theft); *see also Bensaw v. State*, 129 Tex. Crim. 474, 88 S.W.2d 495 (1935) (theft involves moral turpitude).[7] Appellants' statements that Grosu committed crimes of moral turpitude, including theft, fall within the categories of statements that are defamatory per se. *See Downing v. Burns*, 348 S.W.3d 415, 424 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (defamatory per se statements include those imputing a crime).

Because Grosu is a private individual, his burden is to prove the defamatory statements were published with negligence. *See Rogers*, 2016 WL 210872, at *5. "Texas courts have defined negligence in the defamation context as the 'failure to investigate the truth or falsity of a statement before publication, and [the] failure to act as a reasonably prudent [person].' " *See id.* (citations omitted).

In his second amended petition, Grosu takes issue with the Masonic document and asserts that it falsely accuses him of having committed "crimes of moral turpitude" a number of times and upon "several instances."[8] Grosu argues that the document "contains no evidence, proof, facts, certifications or even assurances as to the truthfulness of allegations disseminated via written statements published . . . ." Grosu alleges that appellants had access to exonerating

---

[7] *Hardeman v. State*, 868 S.W.2d 404, 405 (Tex. App.–Austin 1993, pet. dism'd) (" 'Moral turpitude' has been defined as '[t]he quality of a crime involving grave infringement of the moral sentiment of the community as distinguished from statutory mala prohibita.' "). The Court of Criminal Appeals has considered various situations, including theft, in determining whether a given offense is one that involves moral turpitude. *See id.* (listing offenses).

[8] Grosu admits to the 1995 class B misdemeanor theft charge; however, in an affidavit attached to his pleadings, he explains the circumstances and that it resulted in a disposition of deferred adjudication. Grosu submitted evidence that he successfully completed deferred adjudication.

15

information but did not investigate and determine the truth of the matter asserted. In this regard, Grosu alleges that in March 2012, prior to him becoming an officer[9] in Gray Lodge, an unauthorized background check was conducted on him. Because the background check revealed a misdemeanor theft charge from 1995, Grosu provided a statement to a lodge executive officer detailing the circumstances of his 1995 arrest and his successful completion of deferred adjudication of guilt. Grosu allegedly was assured his statement would be placed in his file and not be publicized.

Appellants argue on appeal that "the alleged defamatory statements did not charge Grosu with a commission of any specific crime, but rather that Grosu failed to disclose his criminal history when applying for membership to Gray Lodge." Additionally, appellants maintain that "the only evidence in the record is that these allegations were true and therefore, there is no evidence of Appellants' negligence in publishing the same."[10] Finally, appellants claim the communications were made to parties with a common interest in the matter and entitled to a qualified privilege and that it was Grosu's burden to prove malice.

The record shows that the grand master, who oversaw the investigation of the charges asserted against Grosu, "determined that the allegations do not rise to the level of a Masonic disciplinary violation. He dismissed the allegations." There is no dispute that Grosu denied on his 2011 application that he had ever been charged with a felony or misdemeanor involving moral turpitude. Grosu, however, submitted an affidavit and evidence from the district clerk's office that he received deferred adjudication of guilt on this 1995 theft charge. Contrary to appellants'

---

[9] Grosu served as acting secretary pro tem of Gray Lodge 329 from October 2013 to February 2014.

[10] *See* Tex. Civ. Prac. & Rem. Code § 27.005(d) (movant may obtain dismissal if establish by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim).

16

assertion, the charging documents do provide that Grosu had "been charged and arrested on several instances involving moral turpitude" and "we were surprised to learn the amount of times Brother Grosu has been in trouble with the law for crimes involving moral turpitude." Appellants fail to demonstrate the veracity of these statements.

Moreover, appellants have waived arguments related to truth and qualified privilege on appeal because these issues address affirmative defenses which they did not plead in their original answers. An affirmative defense is defined as " 'a denial of the plaintiff's right to judgment even if the plaintiff establishes every allegation in its pleadings.' " *Hassell Constr. Co. v. Stature Comm. Co.*, 162 S.W.3d 664, 667 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (quoting *Bracton Corp. v. Evans Constr. Co.*, 784 S.W.2d 708, 710 (Tex. App.—Houston [14th Dist.] 1990, no writ)). An affirmative defense allows the defendant to introduce evidence to establish an independent reason why a plaintiff should not prevail; it does not rebut the factual proposition of the plaintiff's pleading. *Id.* All affirmative defenses are waived when the defendant files only a general denial. *Id.* Here, appellants waived their affirmative defenses by filing only a general denial.

We conclude that Grosu carried his burden of presenting prima facie proof of a defamation claim against appellants. He established a prima facie case by clear and specific evidence demonstrating the facts of when, where, and what was said, the defamatory nature of the statements, how they damaged him, and that appellants failed to investigate the truth or falsity of the allegations before publishing the documents. *See In re Lipsky*, 460 S.W.3d at 591, 593.

### b. Racial discrimination

The Masonic charging document accused Grosu as having "canvased against 2 candidates for the degrees of Freemasonry because of the color of their skin" and that this "occurred on more than one occasion." Grosu asserts he is himself a

17

minority; he contends the statements and actions attributed to him are false and fabricated. Grosu contends in his amended petition that the charging document fails to include any witness statements as to the allegations made. He further alleges that appellants published this accusation without investigating the charges.

Other than Grosu's conclusory allegations about a failure to investigate, there is no other clear and specific prima facie evidence that the allegations of racism were made negligently, unlike the situation involving criminal conduct, which was the subject of a background check by the Fort Bend County Sheriff's Office. Conclusory allegations do no suffice to meet Grosu's clear and specific evidentiary burden. *See In re Lipsky*, 460 S.W.3d at 592; *Serafine*, 466 S.W.3d at 358. Grosu has not met his evidentiary burden on defamation claims based on allegations of racism. Appellants' issue in this regard is sustained.

### 2.    Invasion of privacy

The Masonic charging documents provided that "a search on a Public records webpage . . . discovered that [Grosu] has been charged and arrested on several instances involving moral turpitude." The charging document asserts that "[a]fter this discovery a private investigator was hired to look into Brother Grosu's criminal past. . . ." In his amended petition, Grosu alleges his privacy rights were violated by the unauthorized background checks performed at the request of appellants.

According to Grosu, appellant Matthews, a former detective with Fort Bend County, Texas, Sheriff's Department, while employed as a detective, obtained Grosu's driver's license number and other personal identifying information taken from Grosu's application to attain lodge membership and used it to run a background check on Sheriff's Department equipment. On August 30, 2014, Grosu filed a citizen's complaint with the Fort Bend County Sheriff's Office, seeking an investigation of Matthews' unauthorized actions using county

18

resources. Grosu was notified by letter dated December 1, 2014, from James Fontenot, a Lieutenant with Sheriff's Office Internal Affairs, that Grosu's complaint against Matthews was "sustained," finding the allegation "supported by sufficient evidence."

Grosu alleges that he did not agree to join an organization that conducts repetitive and selective background checks and authorizes investigations by private investigators after an applicant has already been investigated and accepted into membership of that organization.

Texas recognizes the common-law right to privacy. *Billings v. Atkinson*, 489 S.W.2d 858, 859 (Tex. 1973). To prove invasion of privacy by intrusion, there are three elements to establish: (1) an intentional intrusion, physically or otherwise, upon the solitude, seclusion, or private affairs or concerns of another; (2) that such intrusion would be highly offensive to a reasonable person; and (3) that he suffered injury as a result of the intrusion. *Clayton v. Wisener*, 190 S.W.3d 685, 696 (Tex. App.—Tyler 2005, pet. denied) (citing *Valenzuela v. Aquino*, 853 S.W.2d 512, 513 (Tex. 1993); *Phar–Mor, Inc. v. Chavira*, 853 S.W.2d 710, 712 (Tex. App.—Houston [1st Dist.] 1993, writ denied)).

Invasion of privacy is a willful tort which constitutes a legal injury. *Billings*, 489 S.W.2d at 861. "The basis of a cause of action for invasion of privacy is that the defendant has violated the plaintiff's rights to be left alone." *K–Mart v. Trotti*, 677 S.W.2d 632, 636 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.) (citations omitted). This intrusion itself is actionable, and the plaintiff can receive at least nominal damages for that actionable intrusion without demonstrating physical detriment. *Id.* (citations omitted). "The appellants' improper intrusion of an area where the appellee had manifested an expectation of privacy alone raised [his] right to recover." *Id.*

It undisputed that the charging documents provide that a private investigator

was hired by appellants to conduct a criminal background check on Grosu . It also is undisputed that an unauthorized criminal background check was run on Grosu. Additionally, exhibits attached to Grosu's complaint demonstrate that Grosu believed Matthews ran the unauthorized background check using his position as a law enforcement officer. Further, another exhibit, the December 2014 letter from Internal Affairs, sustained Grosu's citizen's complaint against Matthews. Grosu alleges that appellants' conduct was outrageous, humiliating, as well as an unwarranted invasion of his privacy. According to Grosu, Appellants' invasion of privacy resulted in Grosu being defamed with the stigma of false claims of committing crimes of moral turpitude.

Appellants do not address this claim in their brief, reply, or supplement to appellants' brief. Appellate briefs must contain a clear and concise argument for the contentions made, with appropriate citations to the authorities and to the record. Tex. R. App. P. 38.1(h). Failure to comply with these requirements waives the issue on appeal. *See Dade v. Hoover*, 191 S.W.3d 886, 888 (Tex. App.— Dallas 2006, pet. denied.).

The pleadings and attachments show that Grosu has established a prima facie case of invasion of privacy through clear and specific evidence.

### 3. Civil conspiracy

Grosu alleges that appellants engaged in civil conspiracy to defame, slander, libel, intimidate and preclude him from testifying as a witness to fraud, misappropriation of funds and embezzlement perpetrated on the lodge by officers of the organization. Grosu maintains that at least one appellant committed an unlawful, overt act in furtherance of the common goal—*i.e.*, the unauthorized background check on Grosu. Grosu maintains appellants agreed to defame him using the unlawfully obtained information in the charging statement.

20

The elements of civil conspiracy are (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result. *Frankoff v. Norman*, 448 S.W.3d 75, 87 n. 14 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (citing *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005)).

Here, Grosu's pleadings and exhibits provide clear and specific evidence of a prima facie case. It is undisputed that appellants agreed to run and did run an unauthorized criminal background check on Grosu. Grosu alleges that they further agreed to use the information to silence him from speaking out regarding alleged misappropriation of lodge funds by officers. Appellants signed and published the information obtained in the charging documents; this information is defamatory per se. Grosu contends that appellants' agreed to "defame, shame and humiliate" Grosu by publically presenting a fraudulent defamatory statement about Grosu's background. He further alleges that as a consequence of appellants' agreement to commit and commitment of wrongful and illegal acts, Grosu "lost a valuable business contract and has suffered significant reputational damages."

Appellants fail to address this claim in their briefs and have waived this issue on appeal. *See* Tex. R. App. P. 38.1(h); *see also Dade*, 191 S.W.3d at 888. Grosu has shown through clear and specific pleadings and evidence a prima facie case of civil conspiracy.

## III. Award of Attorney's Fees

In their final issue, Appellants argue that the trial court erred by awarding Grosu $1,000.00 in attorney's fees and costs because no evidence was submitted to support the necessity or reasonableness of the fees awarded. We agree.

Under the TCPA, "[i]f the court finds that a motion to dismiss filed under this chapter is frivolous or solely intended to delay, the court may award court

21

costs and reasonable attorney's fees to the responding party." Tex. Civ. Prac. & Rem. Code § 27.009(b). A party seeking attorney's fees and costs bears the burden to put forth evidence regarding his right to the award, as well as the reasonableness and necessity of the amount of the fee. *See Alphonso v. Deshotel*, 417 S.W.3d 194, 200 (Tex. App.—El Paso 2013, no pet.), *disapproved of on other grounds In re Lipsky*, 460 S.W.3d at 587. Here, Grosu does not present any argument that we should uphold the award of attorney's fees and costs. Even had Grosu made this argument, it would fail as the appellate record lacks any evidence to support the trial court's award. *See id.* (reversing and remanding award of fees to TCPA movant). In addition, the results obtained by Grosu have changed, as we have concluded that the motion to dismiss should have been granted as to the claim of defamation based on allegations of racism.

Moreover, in their motion for rehearing, appellants argue that the trial court made no finding that appellants' motion to dismiss was "frivolous or solely intended for delay," as necessary for Grosu to obtain a fee award. *See* Tex. Civ. Prac. & Rem. Code § 27.009(b). Additionally, appellants argue that given this court's determination that Grosu's defamation claim based on racial discrimination should be dismissed, appellants are entitled to their attorneys' fees, expenses, and costs. *See* Tex. Civ. Prac. & Rem. Code § 27.009(a).

In light of our opinion, the results obtained by both parties have changed. We therefore conclude that the award of fees must be reversed and remanded for further proceedings, including but not limited to a finding on whether the motion to dismiss was frivolous or solely for purposes of delay, the reasonableness of the fees sought by Grosu, as well as any request by appellants for fees. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a)-(b).

We sustain appellants' issue.

## CONCLUSION

The portion of the trial court's order denying appellants' TCPA motion to dismiss Grosu's claim of defamation based on allegations of racism is reversed, and we render judgment dismissing that claim. The portion of the trial court's order awarding Grosu $1,000.00 in attorney's is remanded for further proceedings, including but not limited to a finding on whether the motion to dismiss was frivolous or solely for purposes of delay, the reasonableness of the fees sought by Grosu, as well as any request by appellants for fees. In all other respects, the trial court's order denying appellants' TCPA motion to dismiss is affirmed.


/s/  Marc W. Brown
   Justice


Panel consists of Justices Boyce, Busby, and Brown.