**Affirmed in Part, Reversed in Part, and Memorandum Opinion filed January 24, 2023.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-22-00137-CV

---

### LEWIS CHARLES GRAVES, Appellant

### V.

### MICHAEL EVANGELISTA-YSASAGA, Appellee

---

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2021-71584**

---

### MEMORANDUM OPINION

Appellant Lewis Charles Graves appeals the trial court's denial of his motion to dismiss the claims of appellee Michael Evangelista-Ysasaga[1] under the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12) (interlocutory appeal of denial of TCPA motion to dismiss). Graves

---

[1] As appellee primarily refers to himself as "Evangelista" in his briefing, we do the same in this opinion.

raises five issues on appeal. To better track the analysis in this opinion, we have reformulated issues 1 to 4 as follows: whether the trial court reversibly erred by denying Graves's TCPA motion seeking dismissal of Evangelista's claims of (1) civil stalking, (2) intentional infliction of emotional distress, (3) abuse of process, and (4) defamation.[2] In issue 5, Graves argues the trial court also reversibly erred by denying his requests for attorney's fees and sanctions. We overrule reformulated issues 1, 2, and 4, sustain reformulated issue 3, and sustain issue 5 in part and overrule issue 5 in part. We reverse the portion of the trial court's order denying Graves's TCPA motion as to Evangelista's abuse-of-process claim and denying Graves attorney's fees relating to that claim. We otherwise affirm the trial court's order as challenged on appeal.

---

[2] Graves's issues 1 to 4, as presented in his briefing, read:

**Issue No. 1:**

Did Appellant establish by a preponderance of the evidence that Appellee's claims for civil stalking, intentional infliction of emotional distress, abuse of process, and defamation—which were made in response to statements by Appellant about the Appellee's molestation of his minor daughter—are based on or in response to Appellant's exercise of a protected right and are thus protected by the Texas Citizen Participation Act (TCPA)?

**Issue No. 2:**

Did the trial court err in denying Appellant's TCPA motion to dismiss when Appellee failed to establish a prima facie case for civil stalking and intentional infliction of emotional distress with clear and specific evidence?

**Issue No. 3:**

Did the trial court err in failing to dismiss Appellee's claims for abuse of process and defamation when Appellee failed to establish a prima facie case for those causes of action with clear and specific evidence?

**Issue No. 4:**

Did the trial court err in denying Appellant's TCPA motion to dismiss after Appellant established an affirmative defense for each of Appellee's claims?

The court's reformulation of these issues is nonsubstantive, and this opinion addresses the arguments made in issues 1 to 4 to the extent required by Texas Rule of Appellate Procedure 47.1. Tex. R. App. P. 47.1.

# I.  BACKGROUND

This case revolves around allegations that Graves began harassing Evangelista after Evangelista begin dating Graves's ex-wife. Evangelista's pleadings and evidence include allegations that Graves falsely reported to Colorado authorities and other individuals that Evangelista had sexually assaulted or molested Graves's minor daughter, that Graves coerced his minor daughter to make similar allegations, and that Graves threateningly drove by Evangelista's Colorado residence on several occasions.

Evangelista's seventh amended petition asserts claims of civil stalking, intentional infliction of emotional distress, abuse of process, and defamation per se.[3] Graves filed a TCPA motion seeking dismissal of each claim. The trial court denied the motion and Graves filed this interlocutory appeal. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12).

# II.  ANALYSIS

## A. TCPA framework

The purpose of the TCPA is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.002. The TCPA contemplates an expedited dismissal procedure when a "legal action" is "based on or is in response

---

[3] These claims were asserted in Evangelista's seventh amended petition, his live pleading at the time of the TCPA hearing in the trial court. While Graves's TCPA motion was filed before Evangelista filed his seventh amended petition, it encompasses each of the claims asserted in the seventh amended petition. The parties do not dispute that the four claims asserted in the seventh amended petition are properly before this court. *See Gaskamp v. WSP USA, Inc.*, 596 S.W.3d 457, 469 (Tex. App.—Houston [1st Dist.] 2020, pet. dism'd) (amendment of petition after TCPA motion was filed does not moot TCPA motion); *cf. Coterill-Jenkins v. Tex. Med. Ass'n Health Care Liab. Claim Tr.*, 383 S.W.3d 581, 592 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (in summary-judgment context, motion need not be amended following amendment of petition if original motion is broad enough to encompass the claims asserted in amended petition).

to a party's exercise of the right of free speech, right to petition, or right of association." Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a). The right of free speech and right to petition are at issue in this appeal. To accomplish this objective, the TCPA provides a multi-step process for the dismissal of a "legal action" to which it applies. *See Montelongo v. Abrea*, 622 S.W.3d 290, 295–96 (Tex. 2021). In the first step, the party filing a motion to dismiss under the TCPA bears the burden to demonstrate that the legal action "is based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association." Tex. Civ. Prac. & Rem. Code Ann. §§ 27.003(a), .005(b). But under the second step, the court may not dismiss the action if the nonmovant "establishes by clear and specific evidence a prima facie case for each essential element of the claim." Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c). Under the third step, the movant can still win dismissal if he establishes "an affirmative defense or other grounds on which the moving party is entitled to judgment as a matter of law." *Id.* § 27.005(d).

In construing the TCPA and determining its applicability, we review statutory construction issues de novo. *See Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam). Similarly, whether the parties have met their respective burdens is a question of law that we review de novo. *See Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019). Under the de novo standard, we "make an independent determination and apply the same standard used by the trial court in the first instance." *Fawcett v. Grosu*, 498 S.W.3d 650, 656 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (quotation omitted). In conducting our review, we view the pleadings and evidence in the light most favorable to the nonmovant. *Sanchez v. Striever*, 614 S.W.3d 233, 242–43 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (collecting cases).

4

**B. Civil stalking**

In reformulated issue 1, we address Graves's arguments that the trial court reversibly erred by not dismissing Evangelista's claim for civil stalking. "In determining whether a legal action is subject to or should be dismissed under this chapter, the court shall consider the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code Ann. § 27.006(a).

Under the first step of the TCPA analysis, we consider whether Graves has met his burden to show that Evangelista's civil-stalking claim "is based on or is in response to a party's exercise of the right of free speech, right to petition, or right of association." Tex. Civ. Prac. & Rem. Code Ann. §§ 27.003(a), .005(b). Graves contends Evangelista's civil-stalking claim is based on four allegations: that Graves (1) "enlisted" his minor daughter to make false allegations against Evangelista; (2) published to third parties that Evangelista "had been arrested for hurting a family member"; (3) made and caused others to make false allegations of child abuse against Evangelista; and (4) drove by Evangelista's Boulder, Colorado home on multiple occasions. Graves claims these allegations show this claim is based on communications relating to Graves's exercise of the right of free speech, right to petition, or right of association. Tex. Civ. Prac. & Rem. Code Ann. § 27.003(a).

As a threshold matter, however, the complained-of activities must constitute "communications" to fall within the scope of the TCPA. Under the TCPA, a "communication" is defined as "the making or submitting of a statement or document in any form or medium." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(1). At least one of the allegations highlighted by Graves—driving by Evangelista's home—falls outside the statutory definition of "communications." *See id.* As this

5

court has previously explained, "Texas courts have held that when a claim does not allege a communication, and is instead based on a defendant's conduct, the TCPA is not implicated." *Allied Orion Grp., LLC v. Pitre*, No. 14-19-00681-CV, 2021 WL 2154065, at *4 (Tex. App.—Houston [14th Dist.] May 27, 2021, no pet.) (mem. op.) (collecting cases). Further, a second allegation highlighted by Graves—"enlisting" his daughter to make false allegations—arguably also falls outside the statutory definition of "communications." Although some type of discussion was likely exchanged between Graves and his daughter to facilitate this conduct, the allegations described by Evangelista in his suit encompass a broader array of conduct beyond "communications" and include recording his daughter repeatedly, allegedly using anger and intimidation to secure the daughter's cooperation, allegedly compelling the daughter to follow scripts, as well as allegedly taking his daughter to therapy and/or trauma counseling to secure outcry statements from his minor daughter. *See Smith v. Crestview NuV, LLC*, 565 S.W.3d 793, 798 (Tex. App.—Fort Worth 2018, pet. denied) ("Although Smith testified at his deposition that he and Armstrong had discussions about the product, these discussions are not the basis of Crestview's narrow claim against him. The practical effect of Smith's position—any action he took as an aider under the [Texas Security Act] necessarily involved communications—would seem to extend the definition of communication, and thus the reach of the TCPA, to noncommunications.").

Accordingly, at least some of the allegations relied on by Graves do not fall within the TCPA at all. Even if we assume that the other allegations fall within the TCPA, when a TCPA motion seeks dismissal of a claim that involves a mix of allegations that fall within the TCPA and allegations that do not, "under [such] circumstances the trial court does not err by denying the TCPA motion to dismiss." *Neely v. Allen*, No. 14-19-00706-CV, 2021 WL 2154125, at *9 (Tex. App.—

6

Houston [14th Dist.] May 27, 2021, no pet.) (mem. op.) (citing *Navidea Biopharmaceuticals, Inc. v. Capital Royalty Partners II, L.P.*, No. 14-18-00740-CV, 2020 WL 5087826 (Tex. App.—Houston [14th Dist.] Aug. 28, 2020, pet. denied) (mem. op.)). Moreover, "it is the defendant's responsibility to segregate the protected conduct from the unprotected; if it cannot, then its motion to dismiss should be denied." *Western Mktg., Inc. v. AEG Petroleum, LLC*, 616 S.W.3d 903, 911 (Tex. App.—Amarillo 2021), *modified on other grounds on reh'g*, No. 07-20-00093-CV, 2021 WL 1152904 (Tex. App.—Amarillo Mar. 18, 2021, pet. denied); *see Neely*, 2021 WL 2154125, at *9. Here, Graves did not argue in the trial court, and does not argue in this court, that only some portions of Evangelista's civil-stalking claim should be dismissed, and likewise offers no guidance as to how the claim might be dismissed in part. Accordingly, we conclude the trial court did not err by denying Graves's TCPA motion as to Evangelista's civil-stalking claim. *See Western Mktg.*, 616 S.W.3d at 911; *Neely*, 2021 WL 2154125, at *9.

We overrule reformulated issue 1.

## C. Intentional infliction of emotional distress

In reformulated issue 2, we address Graves's contentions that the trial court erred by not dismissing Evangelista's claim for intentional infliction of emotional distress under the TCPA. Graves argues that the same four allegations discussed above concerning Evangelista's civil-stalking claim also form the basis of Evangelista's claim for intentional infliction of emotional distress. As above, we conclude that these allegations involve, at best, a mix of activities, some covered by the TCPA and some not. *See supra* § II.B. And as above, we conclude on this basis that the trial court did not err by denying Graves's TCPA motion as to Evangelista's claim for intentional infliction of emotional distress. *See id.*

We overrule reformulated issue 2.

7

**D. Abuse of process**

In reformulated issue 3, we address Graves's arguments that the trial court erred by denying his TCPA motion as to Evangelista's abuse-of-process claim. Here, Evangelista's claim for abuse of process, as detailed in his seventh amended petition, is based on the following allegations: "Defendant Graves made, and continues to make, false reports of child sexual assault against Evangelista. Since the filing of this lawsuit, Graves has made two more false reports, made in bad faith, with the Denver Police Department even though the minor child entirely contradicts Defendant Graves' false allegations."

Graves first argues that this claim is based on his exercise of the right of free speech. We agree. As a threshold matter, the reports are "communications" as broadly defined by the TCPA. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.001(1). Further, the TCPA defines the "exercise of the right of free speech" as "a communication made in connection with a matter of public concern." *Id.* § 27.001(3). A "matter of public concern" includes "commission of crime, prosecutions resulting from it, and judicial proceedings arising from the prosecutions." *Brady v. Klentzman*, 515 S.W.3d 878, 884 (Tex. 2017) (quotation omitted). Accordingly, appellate courts have held similar statements to have been made in connection with matters of public concern, given that both sexual assault and making a false police report are crimes. *See, e.g.*, *Yu v. Koo*, 633 S.W.3d 712, 722 (Tex. App.—El Paso 2021, no pet.) ("Thus, to the extent Appellees' defamation claims are predicated upon Appellant's statements to any third party, whether public or private, concerning either the alleged sexual assault or Appellant's reporting of it to the police, we find they are based on or in response to Appellant's exercise of her right of free speech."); *cf.* Tex. Penal Code Ann. §§ 22.011 (sexual assault), 37.08 (false report). We conclude that Graves met his burden to show that Evangelista's

abuse-of-process claim falls within the TCPA.

The burden accordingly shifts to Evangelista to establish by clear and specific evidence a prima facie case for each essential element of the claim. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c). The elements of abuse of process are: (1) the defendant made an illegal, improper, or perverted use of the process, a use neither warranted nor authorized by the process; (2) the defendant had an ulterior motive or purpose in exercising such illegal, perverted, or improper use of the process; and (3) damage resulted to the plaintiff as a result of such illegal act. *Hunt v. Baldwin*, 68 S.W.3d 117, 129 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Implicit in the elements is the requirement that the process in question be improperly used after it was issued. *Moore v. Bushman*, 559 S.W.3d 645, 653 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

Evangelista primarily argues that Graves's allegedly false reports of sexual abuse constitute abuse of process. As this court has previously explained, however, to sustain an abuse-of-process claim, "[i]t is critical that the process be improperly used *after* it has been issued." *Hunt*, 68 S.W.3d. at 130. However, even if these allegedly false reports resulted in a criminal prosecution, the gravamen of Evangelista's argument is that the original purpose of any such writ was unjustified. To maintain a cause of action for abuse of process, it must be established that the process was improperly used after it was issued. *Id*. Evangelista provides no clear and specific evidence as to how Graves made illegal, improper, or perverted use of any process *after it was issued*. *See id.* at 129–30; *see also Detenbeck v. Koester*, 886 S.W.2d 477, 481 (Tex. App.—Houston [1st Dist.] 1994, no writ) ("[T]he mere procurement or issuance of process with a malicious intent, or without probable cause, is not actionable; there must be an improper use of the process after its issuance.").

Therefore, we conclude Evangelista has not met his burden under the TCPA, and accordingly the trial court erred when it did not dismiss the abuse-of-process claim pursuant to Graves's TCPA motion. We sustain reformulated issue 3.

**E. Defamation per se**

In reformulated issue 4, Graves challenges the trial court's denial of his TCPA motion as to Evangelista's claim for defamation per se. Evangelista's seventh amended petition bases his defamation claim on allegations that Evangelista "engaged in criminal sexual assaults on his minor child, and other acts that constitute crimes." As explained above, such allegations are sufficient to meet Graves's burden to show that Evangelista's defamation claim is based on communications implicating Graves's right to free speech, and accordingly fall within the TCPA. *See supra* § II.D.

We next address whether Evangelista met his burden to establish by clear and specific evidence a prima facie case for each essential element of his defamation claim. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c). The elements of defamation are: (1) the defendant published a false statement; (2) that defamed the plaintiff; (3) with the requisite degree of fault regarding the truth of the statement (negligence if the plaintiff is a private individual); and (4) damages, unless the statement constitutes defamation per se. *Bedford v. Spassoff*, 520 S.W.3d 901, 904 (Tex. 2017) (per curiam). "In a defamation case that implicates the [TCPA], pleadings and evidence that establishes the facts of when, where, and what was said, the defamatory nature of the statements, and how they damaged the plaintiff should be sufficient to resist a motion to dismiss under the [TCPA]." *Id.* (quotation omitted).

Here, Evangelista's pleadings and evidence allege that Graves made multiple false reports to Colorado authorities and other individuals in 2020 and 2022 that Evangelista had sexually assaulted Graves's minor daughter. Evangelista alleges

10

these allegations are false and that Graves knew they were false, but made the allegations in an attempt to prevent Evangelista from dating Graves's ex-wife, who is also the mother of Graves's daughter. Viewed in the light most favorable to Evangelista, the nonmovant, the pleadings and evidence are sufficient to show that Graves published false statements that defamed Evangelista. *See Bedford*, 520 S.W.3d at 904; *Sanchez*, 614 S.W.3d at 242–43. Likewise, the alleged defamatory statements are sufficient (for TCPA purposes) to constitute defamation per se, given that falsely accusing someone of committing a crime constitutes defamation per se, and accordingly Evangelista need not present evidence of damages. *See Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 638 (Tex. 2018); *Bedford*, 520 S.W.3d at 904.

As to the requisite degree of fault, the standard is negligence if the plaintiff is a private individual, and there is no evidence here that Evangelista is a public official or public figure. *See Bedford*, 520 S.W.3d at 904. Graves argues that the standard should instead be actual malice because he is entitled to a qualified privilege as "[a] person acting in good faith who reports or assists in the investigation of a report of alleged child abuse." Tex. Fam. Code Ann. § 261.106(a); *see also Saudi v. Brieven*, 176 S.W.3d 108, 118 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (discussing qualified privilege). A qualified privilege, however, is an affirmative defense. *Saudi*, 176 S.W.3d at 118. Under the TCPA, the defendant may avail himself of an affirmative defense only by proving it conclusively. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005(d) (requiring movant to establish affirmative defense or other ground on which it is entitled to "judgment as a matter of law"). Here, there is at least a fact issue as to whether Graves made his reports "in good faith" given Evangelista's allegations of false reporting, which we view in the light most favorable to Evangelista. *See Sanchez*, 614 S.W.3d at 242–43. We conclude the

applicable fault standard is negligence, and that Evangelista has provided sufficient evidence in his pleadings and evidence that Graves made the reports in question knowing they were false, thereby satisfying the fault element. *See Bedford*, 520 S.W.3d at 904.

Accordingly, we conclude that Evangelista has established a prima facie case of defamation by clear and specific evidence. The burden shifts to Graves to establish an affirmative defense or other ground on which he is entitled to judgment as a matter of law. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(d). Graves again argues he is entitled to immunity under section 261.106(a) of the Family Code as a "good faith" reporter. Tex. Fam. Code Ann. § 261.106(a). Graves further argues he has established the defense of substantial truth, based on his allegations that his allegations against Evangelista are true and he believed the allegations to be true when they were reported. *Cf. Knox v. Taylor*, 992 S.W.2d 40, 54 (Tex. App.— Houston [14th Dist.] 1999, no pet.) (substantial truth is affirmative defense to defamation claim). As to these defenses, however, Graves has done no more than create a fact issue, given Evangelista's conflicting pleadings and the evidence detailed above indicating that Graves's reports were false. Accordingly, we conclude that Graves did not meet his burden to conclusively establish an affirmative defense or other ground on which he is entitled to judgment as a matter of law on Evangelista's defamation claim. Tex. Civ. Prac. & Rem. Code Ann. § 27.005(d).

We overrule reformulated issue 4 challenging the trial court's denial of Graves's TCPA motion regarding Evangelista's defamation claim.

## F. Attorney's fees

In issue 5, Graves argues the trial court erred by denying his request for attorney's fees and sanctions. The award of attorney's fees is mandatory to a successful TCPA movant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a)(1).

Fees are mandatory even if the movant is only partially successful. *See D Mag. Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 441–42 (Tex. 2017) (partially-successful TCPA movant entitled to reasonable attorney's fees under statute) (citing Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a)(1)).

As we have determined the trial court reversibly erred when it denied Graves's TCPA motion as to Evangelista's abuse-of-process claim, it necessarily follows that Graves is entitled to attorney's fees for the dismissal of that claim. *See id.* We sustain issue 5 as to attorney's fees.

Graves also states the trial court should have awarded him discretionary sanctions. The TCPA provides that the trial court "may award to the moving party sanctions against the party who brought the legal action as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter." Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a)(2). In his brief, however, Graves offers no substantive discussion as to why the trial court should have exercised its discretion to award sanctions in this case. Accordingly, we conclude the portion of issue 5 discussing sanctions is inadequately briefed. *See* Tex. R. App. P. 38.1(i).

We sustain issue 5 as to Graves's request for attorney's fees and overrule issue 5 as to Graves's request for sanctions.

### III. CONCLUSION

Having sustained Graves's reformulated issue 3 and issue 5 in part, we reverse the portion of the trial court's order denying Graves's TCPA motion to dismiss Evangelista's abuse-of-process claim. We instruct the trial court in its further proceedings in this case to (1) render judgment dismissing Evangelista's abuse-of-process claim under the TCPA and (2) consider an appropriate award of attorney's fees under the TCPA relating to that claim.[4] *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a)(1). We otherwise affirm the trial court's order as challenged on appeal.

/s/     Charles A. Spain
Justice

Panel consists of Justices Spain, Poissant, and Wilson.

---

[4] Because this is an interlocutory appeal of the trial court's order denying Graves's TCPA motion, only that order is before this court—not the entire trial-court case. We do not remand the case to the trial court because the case is not before us. *Chappell Hill Sausage Co. v. Durrenberger*, No. 14-19-00897-CV, 2021 WL 2656585, at *5 n.6 (Tex. App.—Houston [14th Dist.] June 29, 2021, no pet.) (mem. op.).

14