ACCEPTED
03-16-00611-CV
14405749
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/21/2016 1:58:37 PM
JEFFREY D. KYLE
CLERK

CAUSE NO. 03-16-00611-CV

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

12/21/2016 1:58:37 PM

JEFFREY D. KYLE
Clerk

BRUCE CRAIG, TYLER CRAIG AND TEJAS VENDING, LP
*Appellants*
v.
TEJAS PROMOTIONS, LLC
*Appellee*

On Appeal from the 261st Judicial District Court, Travis County, Texas
Cause No. D-1-GN-16-001959

## APPELLEE'S BRIEF

Matthew R. Beatty
Texas State Bar No. 24001169
mbeatty@bbsfirm.com
Michael L. Navarre
Texas State Bar No. 00792711
mnavarre@bbsfirm.com
Brittney K. Mollman
Texas State Bar No. 24097302
bmollman@bbsfirm.com
**BEATTY BANGLE STRAMA, PC**
400 West 15th Street, Suite 1450
Austin, Texas, 78701
(512) 879-5050
(512) 879-5040 (FAX)

**ATTORNEYS FOR APPELLEE**

**ORAL ARGUMENT REQUESTED**

# TABLE OF CONTENTS

INDEX OF AUTHORITIES...................................................................................... iii

STATEMENT OF THE CASE............................................................................... 1

ISSUES PRESENTED............................................................................................ 2

STATEMENT OF FACTS ..................................................................................... 3

SUMMARY OF THE ARGUMENT .................................................................... 9

ARGUMENT AND AUTHORITIES.................................................................... 10

I.      The Trial Court Correctly Denied The Motion To Dismiss Because
        Appellants Failed To Carry Their Burden To Show That This Legal
        Action Is Based On, Relates To, Or Is In Response To Their
        Exercise Of The Right Of Association ....................................................... 10

        A.      It is Appellants' burden to show, by a preponderance of the
                evidence, that the claims are based on, relate to or arise from
                the exercise of the right of association under the TCPA.................. 12

                1.      Contrary to Appellants' view, the "right of association"
                        is not all-encompassing........................................................... 13

                2.      Appellants failed to introduce any evidence to meet
                        their burden that the communication was in furtherance
                        of a common interest............................................................. 15

                3.      Appellants' argument that the "internal
                        communication" described in Tejas Promotions'
                        Petition meets its burden to show a common interest
                        misrepresents the Petition and Texas case law ...................... 17

        B.      The Trial Court Correctly Denied The Motion To Dismiss
                Because Tejas Promotions Provided Clear And Specific
                Evidence Of Each Essential Element Of The Challenged
                Claims...................................................................................... 21

i

      1.     Tejas Promotions provided clear and specific evidence of each essential element of its conspiracy claim ................... 22

      2.     Tejas Promotions provided clear and specific evidence of each essential element of its claim under the Uniform Declaratory Judgments Act .................................... 24

II.    The Trial Court Correctly Denied Appellants' Motion To Dismiss Because Appellants Failed To Carry Their Burden To Establish Each Element Of A Valid Defense To Tejas' Promotions Claims ............ 26

PRAYER FOR RELIEF ................................................................. 29

CERTIFICATE OF SERVICE ............................................................ 30

CERTIFICATE OF COMPLIANCE..................................................... 30

# INDEX OF AUTHORITIES

*Brooks v. Northglen Ass'n,*
    141 S.W.3d 158 (Tex. 2004) .................................................................. 24

*Cheniere Energy, Inc. v. Lotfi,*
    449 S.W.3d 210 (Tex. App. – Houston 2014) ……………11, 15, 16, 17, 18

*Chon Tri v. J.T.T.,*
    162 S.W.3d 552 (Tex. 2005) .................................................................. 22

*Combined Law Enforcement Associations of Texas v. Sheffield,*
    2014 Tex. App. LEXIS 1098, (Tex App. – Austin
    January 31, 2014, pet. denied)................................................. ….20

*Culbertson v. Lykos*,
    790 F.3d 608 (5th Cir. 2015) .................................................................. 17

*Fawcett v. Grosu,*
    498 S.W.3d 650 (Tex. App.—Houston [14th Dist.] 2016, pet. filed)…27, 28

*Herrera v. Stahl*,
    441 S.W.3d 739 (Tex. App. – San Antonio 2014) .................................... 19

*Hill v. Heritage,*
    964 S.W.2d 89 (Tex. App. – El Paso 1997, pet. denied)........................... 25

*In re Lipsky,*
    460 S.W.3d 579 (Tex. 2015)……………………………………………..11, 21

*Man Engines & Components, Inc. v. Shows*,
    434 S.W.3d 132 (Tex. 2014) .................................................................. 27

*MBM Fin. Corp. v. Woodlands, Oper. Co.,*
    292 S.W.3d 660 (Tex.2009) .................................................................. 26

*Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.,*
    416 S.W.3d 71 (Tex. App.-Houston [1st Dist.] 2013, pet. denied)......... 13, 18

*Serafine v. Blunt,*
    466 S.W.3d 352 (Tex. App.—Austin 2015, no pet.)............................. 13, 18

*Sierra Club v. Andrews County,*
    418 S.W.3d 711 (Tex. App. – El Paso 2013) *rev'd on other grounds*,
    463 S.W.3d 867 (Tex. 2015)……………………………………………..25, 26

*Texas Ass'n of Bus. v. Texas Air Control Bd.,*
    852 S.W.2d 440 (Tex. 1993) ...................................................................... 24

*Texas Dep't of Pub. Safety v. Moore,*
    985 S.W.2d 149 (Tex. App.—Austin 1998, no pet.)................................. 24

## **STATUTES**

TEX. CIV. PRAC. & REM. CODE

§ 27.001(2) ...........................................................................9, 14, 15, 16, 20

§ 27.002............................................................................................................ 11

§ 27.005............................................................................................................ 15

§ 27.005(b) ...................................................................................................... 12

§ 27.005(c) ................................................................................................. 10, 21

§ 27.005(d) ................................................................................................ 10, 27

§ 27.006(a)……………………………………………………………………12, 13

§ 27.009(b) ........................................................................................................7

§ 37.003(a) ...................................................................................................... 24

§ 37.004(a) ...................................................................................................... 24

## **RULES**

TEX. R. CIV. P.

Rule 166(a)(1) ..................................................................................................6

Rule 94 .............................................................................................................. 27

TEX. R. APP. P.

Rule 9.4(a)(i)(l) .............................................................................. 30

## STATEMENT OF THE CASE

**Nature of the case:** Tejas Promotions, LLC ("Tejas Promotions") filed suit against Bruce Craig, Tyler Craig and Tejas Vending, LP because they used information protected by a non-disclosure agreement to steal Tejas Promotions' customers. CR 2-13. Tejas Promotions' claims include breach of contract, misappropriation of trade secrets, and requests for declaratory relief. *Id.* In response, Appellants filed a general denial, special exceptions, and a plea to the jurisdiction. CR 17-24. Appellants did not assert any affirmative defenses. *Id.*

**Course of Proceedings and Disposition:** Appellants filed a Motion to Dismiss the conspiracy claim (non-suited in the Amended Petition) and the requests for declaratory relief pursuant to the Texas Citizens Participation Act ("Motion"). CR 32-51. After hearing argument and considering the evidence, the trial court denied Appellants' Motion. CR 170; 179. The court also wrote in by hand that its order was "[w]ithout prejudice to setting a hearing for the award of attorney's fees" to Tejas Promotions. CR 179.

On September 1, 2016, Appellants filed their Notice of Appeal less than fifteen minutes after the court's email stating that it was willing to "entertain attorney's fees" and asking whether the parties "would like to set a hearing on the attorney's fees issue." CR 168-69; 195.

1

# ISSUES PRESENTED

1. The trial court correctly denied Appellants' Motion to Dismiss because Appellants failed to carry their burden to show that this legal action is based on, relates to, or is in response to their exercise of the right of association.

2. The trial court correctly denied Appellants' Motion to Dismiss because Tejas Promotions established by clear and specific evidence a prima facie case of its conspiracy claim.

3. The trial court correctly denied Appellants' Motion to Dismiss because Tejas Promotions established by clear and specific evidence a prima facie case of its claims under the Uniform Declaratory Judgments Act.

4. The trial court correctly denied Appellants' Motion to Dismiss because Appellants failed to carry their burden to establish each essential element of a valid defense to Tejas Promotions' claims.

## STATEMENT OF FACTS

### A.     Factual Background

**Appellant Bruce Craig Executed A NDA To Purchase Assets Owned by Tejas Promotions**:     Tejas Promotions distributes sweepstakes promotional software.  CR 77.  Tejas Promotions enters into licensing agreements with vendors or owners of sweepstakes promotional software and then distributes or sub-licenses these rights to its customers who operate the promotions.  *Id.*  Tejas Promotions earns revenue by charging its customers a percentage of the net revenue.  *Id.*

Tejas Promotions has developed an inventory of software available from various vendors for distribution to its customers.  *Id.*  Tejas Promotions' unique and valuable business model is unknown to its competitors and is based on market research, marketing techniques, the development of its software inventory, its customer base, and its pricing strategies.  CR 78.  This information, along with the names, addresses and identities of Tejas Promotions' vendors and customers, is extremely valuable and constitutes valuable trade secrets, which gives Tejas Promotions a competitive advantage over others in the industry.  CR 77-78.

In September 2015, Bruce Craig expressed an interest in purchasing the assets of Tejas Promotions, including primarily its then-existing customer base.  CR 78. To facilitate Craig's due diligence and potential purchase of Tejas Promotions, Craig entered into a written non-disclosure agreement ("NDA") with Tejas Promotions.

3

CR 78; 83-87. In entering into the NDA, Craig recognized the confidential and valuable nature of its business assets. CR 78-79; 83-87. As Craig agreed, the confidential and valuable information includes "[lists]" of [] information relating to, suppliers and customers." CR 79; 83.

**Tejas Promotions Provided Craig With Its Valuable Information That Was Protected Under The NDA:** In reliance on the NDA, Tejas Promotions provided Craig with its confidential trade secrets, including its vendors and software. CR 79. Tejas Promotions also emailed Craig what was identified as Tejas Promotions' "asset list" that included the names, addresses and other information regarding Tejas Promotions customers ("Asset List"). CR 79-80, 89-90. As provided in the NDA, the Asset List is "Confidential" information and constitutes some of Tejas Promotions' valuable trade secrets. CR 83-87, 89-90.

**After Tejas Promotions Decided Not To Sell To Craig, Craig Stole Its Customers**: After conducting due diligence, Craig offered to purchase Tejas Promotions' assets. CR 80. The purchase of assets centered on those assets that had been disclosed to Craig – Tejas Promotions' customer list. *Id.* Tejas Promotions rejected Craig's offer and decided not to sell its assets to Craig.

Subsequently, and in direct violation of the NDA, Craig gave the Asset List to his son, Appellant Tyler Craig. CR 80. Thereafter, on or about October 12, 2015, Craig filed a certificate of formation with the state of Texas establishing the very

similarly named Tejas Vending, LP.  CR 80; 92-93.  Tyler Craig then provided the Asset List to Ms. Theresa Moebus, an employee of the newly created Tejas Vending LP.  CR 102-105.  Tyler Craig instructed Ms. Moebus to "copy the contents of the list and throw it away . . ." *Id.*  He further told Moebus to target Tejas Promotions' customers on the list.  *Id.*

Craig and his son then contacted Tejas Promotions' customers on the Asset List.  CR 80.  They also sent an "Important Notice" to the customers that were on the Asset List.  CR 80-81; 95; 102-105; 109.  Appellants told Tejas Promotions' customers that a specified software vendor had "designated Tejas Vendors as your replacement distributor, and we are ready, willing and able to put in new computers and get you up and running . . ." *Id.*  Appellants went on to say that "I must caution you **not to contact your existing distributor**." *Id.* (emphasis in original).  They further threatened Tejas Promotions' customers by explaining that the vendor would "turn off your games immediately" and that "your customers will be upset that money on their accounts is gone" if they did not switch and become customers of Tejas Vendors.  *Id.*  As a result, at least five of Tejas Promotions' customers terminated their business with Tejas Promotions and Tejas Promotions lost the associated revenue from these customers.  CR 77-81.

## B.    Procedural Background

After Tejas Promotions filed its Original Petition on May 6, 2016, Appellants filed their answer, which included a General Denial, Special Exceptions, and a Plea to the Jurisdiction. CR 4-13; 17-24. On June 29, 2016 Appellants filed their Motion under Chapter 27 of the Civil Practice and Remedies Code, also known as the Texas Citizens Participation Act ("TCPA"). CR 32-51. The Motion did not seek dismissal of the entire lawsuit, only the conspiracy and declaratory judgment claims. *Id.* Appellants claimed that their misappropriating and disseminating Tejas Promotions' trade secrets were constitutionally protected activity under the First Amendment of the United States Constitution. *Id.* Appellants did not submit any affidavits or other documentary proof to support their claim. *Id.* Rather, they treated their Motion to Dismiss under the TCPA as if it was a no-evidence motion for summary judgment under Tex. R. Civ. P. 166a(i).

On August 2, 2016, Tejas Promotions filed its Amended Petition. CR 52-63. The Amended Petition removed the conspiracy claim and re-characterized it under the Texas Uniform Trade Secrets Act ("TUTSA"), as an additional claim of "misappropriation" as the term is defined under the statute. The Amended Petition also removed certain declarations and added new declarations under the Uniform Declaratory Judgments Act ("UDJA"). *Id.* Amendments made and reflected in the Amended Petition were Tejas Promotions' efforts to, in good faith, address

6

Appellants' Special Exceptions and Plea to the Jurisdiction. Appellants never set their Special Exceptions for hearing.

On August 3, 2016, Tejas Promotions filed its Response to Appellants' Motion to Dismiss and its Response to Appellants' Plea to the Jurisdiction. CR 64-114; 121-167. Unlike Appellants, Tejas Promotions included affidavits and other documentary evidence in its Response. *Id.* On August 4, 2016, the Honorable Judge Rhonda Hurley heard argument as to Appellants' Motion to Dismiss and Plea to the Jurisdiction. At the hearing, Tejas Promotions asked the Court to deny the Motion and award attorney's fees to Tejas Promotions because the Motion was both frivolous or solely for the purpose of delay. Previously, Tejas Promotions had timely requested such relief in its Response. CR 64-114.

On August 24, 2016, the Court advised the parties that the Motion was denied and instructed counsel to "prepare an appropriate order, circulate to opposing counsel for approval as to form and submit to the court for signature." CR 170. On September 1, 2016, without conferring with counsel as instructed by the trial court, Appellants' counsel emailed an order to the trial court stating that "we request the court enter [it] today." CR 180. Tejas Promotions' promptly responded by pointing out that Tex. Civ. Prac. & Code §27.009(b) provides the Court with discretion to award fees to the non-movant if the court finds that the Motion was frivolous or for the purpose of delay. CR 182.

Shortly thereafter, the trial court denied the Motion with the following language:

> Defendants' Motion to Dismiss under Chapter 27, Civil Practices & Remedies Code, is DENIED. <u>Without prejudice to setting a hearing for the award of attorney's fees</u>.

CR 179. (underlined text in handwriting in original). Staff Attorney to the trial court told the parties that the court "is willing to entertain attorney's fees" and asked "if you would like to set a hearing on the attorney's fees issue." CR 195. Tejas Promotions attempted to resolve the attorney's fee issue by stipulating to half of the fees that Appellees had sought to recover. CR 202. Tejas Promotions informed the court of its effort to resolve the amount of the fees "without the necessity of a hearing." CR 204. Appellants did not respond.

Instead, realizing that the court had necessarily determined that the Motion was frivolous and/or for the sole purpose of delay, Appellants tried to pull a fast one. Within minutes of receiving Tejas Promotions' emails trying to resolve the amount of attorney's fees, Appellants filed their Notice of Appeal and Request for Findings of Fact and Conclusions of Law. CR 168-169; 171-172. This was also less than forty minutes after Appellants received the court's email asking about a hearing on attorney's fees. *Id.*

Subsequently, Appellants' counsel refused to agree to an amount of attorney's fees for their frivolous motion, arguing that the trial court did not have any authority

8

because of the automatic stay. CR 206. After Tejas Promotions requested a hearing, Appellants filed an Emergency Motion to Stay Trial Proceedings pending the outcome of this appeal. The Court granted Appellants' motion, and thus, all proceedings at the trial court level have been stayed pending the outcome of this appeal. CR 209-210. In its ruling, the Court noted that "we express no opinion at this juncture as to whether or not Tejas Promotions may continue to pursue its claim for costs and attorney's fees … – i.e., pick up where it left off when the stay took effect – when and in the event we ultimately affirm the district court's order denying appellants' dismissal motion."

## SUMMARY OF THE ARGUMENT

The trial court correctly denied Appellants' Motion to Dismiss Tejas Promotions' conspiracy claims and requests for declaratory relief under the TCPA. Analysis under the TCPA is a three-step process. Here, Appellant's Motion fails under each of the three steps.

First, Appellants failed to meet their burden to establish, by a preponderance of the evidence, that their actions are constitutionally protected by the First Amendment of the United States Constitution. In this case, the sole right invoked by Appellants is the right of association. The right of association is defined as a communication "between individuals who join together to collectively express, promote, pursue or defend common interests." TEX. CIV. PRAC. & REM. CODE ANN.

§27.001(2). Appellants failed to submit any affidavits or other evidence to support their burden. Instead, Appellants failed to carry their burden to show that these claims are based on a protected right of association.

Second, Tejas Promotions "establishe[d] by clear and specific evidence a prima facie case for each essential element of the claim[s] in question." *Id.* at §27.005(c). This is the second step in the analysis under the TPCA and is only reached if the Court determines that Appellants carried their burden to establish that Tejas Promotions' claims are based on Appellants' exercise of the right of association. Here, Tejas Promotions provided affidavits and other documentary evidence to establish a prima facie case for each essential element of their claims.

Third, Appellants failed to "establishe[s] by a preponderance of the evidence each essential element of a valid defense to [Tejas Promotions'] claim[s]." *Id.* at §27.005(d). Appellants did not assert a defense to the claims in their Answer. Nor did Appellants provide evidence to support any defense to the claims.

Therefore, Tejas Promotions respectfully requests that the Court affirm the trial court's denial of the Motion and remand this matter back to the trial court for a determination with regard to attorney's fees to be awarded to Tejas Promotions.

## ARGUMENT AND AUTHORITIES

I. **The Trial Court Correctly Denied The Motion To Dismiss Because Appellants Failed To Carry Their Burden To Show That This Legal Action Is Based On, Relates To, Or Is In Response To Their Exercise Of The Right Of Association.**

10

Appellants' Motion To Dismiss is based on the Texas Citizens Participation Act ("TCPA"). The TCPA is an anti-SLAPP law. "SLAPP" is an acronym for "Strategic Lawsuits Against Public Participation," which are suits filed against politically and socially active individuals not with the goal of prevailing on the merits but, instead, of chilling those individuals' First Amendment activities. *Cheniere Energy, Inc. v. Lotfi,* 449 S.W.3d 210, 212 (Tex. App. – Houston 2014, no pet.).

The Texas Legislature expressly stated that the purpose of the anti-SLAPP statute is to "encourage and safeguard the constitutional rights" of people to participate in government:

> The purpose of this chapter is to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury.

TEX. CIV. PRAC. & REM. CODE ANN. §27.002. This lawsuit has nothing to do with the stated purpose of the TCPA. Instead, it concerns Appellants' theft of trade secrets and the valid construction of the NDA. Appellants are trying to fit a square peg in a round hole. And, as the trial court correctly ruled, it does not fit.

As the Texas Supreme Court confirmed, the TCPA "protects citizens who petition or speak on matters of public concern from retaliatory lawsuits that seek to intimidate or silence them." *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015).

11

Apparently, Appellants would have this Court believe that the act of communicating misappropriated confidential information among themselves and others is protected by the First Amendment's protection of the "right of association." However, there is no authority for such a proposition because this case does not concern the exercise of Appellants' constitutional rights; nor is this a retaliatory lawsuit brought against citizens speaking on matters of public concern. This, standing alone, is reason enough for the Court to affirm the trial court's denial of the Motion.

**A. It is Appellants' burden to show, by a preponderance of the evidence, that the claims are based on, relate to or arise from the exercise of the right of association under the TCPA.**

The first step in the analysis under the TCPA is a determination of whether the legal action is based on a right protected by the First Amendment of the United States Constitution. If the action is not based on such a right, the motion to dismiss should be denied and the Court's analysis is concluded. *Id.* at §27.005(b). It is Appellants' burden to "show[] by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of (1) the right of free speech; (2) the right to petition; or (3) the right of association." *Id.* Here, the sole basis of Appellants' Motion is the right of association.

"In determining whether a legal action should be dismissed under this chapter, the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* at

12

§27.006(a). Importantly, the Court considers the "pleadings and evidence in the light most favorable to [Tejas Promotions], who are both the non-movants and the prevailing parties below." *Serafine v. Blunt,* 466 S.W.3d 352, 369 n.28 (Tex. App.—Austin 2015, no pet.) (Pemberton, J., concurring); *Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 80-81 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).

Based on the statute and subsequent case law, the following is the framework for the Court's analysis of the evidence: Appellants have the burden of proof while the pleadings and evidence must be viewed in the light most favorable to Tejas Promotions. As discussed, while Appellants failed to submit any evidence to support their Motion, Tejas Promotions submitted affidavits and other documentary evidence establishing the factual basis for its claims.

### 1. Contrary to Appellants' view, the "right of association" is not all-encompassing.

As interpreted by Appellants in their brief, it is hard to imagine a claim that would *not* fall under a defendant's "right of association." According to Appellants, all conspiracy claims would be subject to the TPCA because they involve communications among the conspirators. And certainly, according to Appellants, all slander and defamation claims would be subject to the TPCA because they involve communications. Additionally, according to Appellants, all misrepresentation claims (both negligent and intentional) would be subject to the

13

TPCA because they involve communications. However, contrary to Appellants' position, the "exercise of the right of association" is limited to "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." *Id.* at §27.001(2) (emphasis added).

Appellants' position with respect to the declaratory judgment claims confirms the flaws in Appellants' strained interpretation. Appellants contend that the following requests for declaratory relief are "based on, relate[] to, or [are] in response to a party's exercise of the" right of association:

a. The "Non-Disclosure and Assignment of Inventions Agreement" ("NDA") is a valid, enforceable agreement.

b. That the names and identities of Plaintiff's software vendors are "Confidential Information" under the terms of the NDA.

Appellants' Brief at 41-42. Appellants claim that seeking a declaration that a contract is valid somehow relates to the constitutional "right of association" and is subject to the TPCA. That cannot be, and is not, the law. Similarly, Appellants claim that seeking a declaration as to the meaning of a contract also somehow relates to the constitutional "right of association" and is subject to the TPCA. If the Court were to accept Appellants' position, every declaratory judgment action involving the validity or interpretation of a provision would be subject to the TPCA. Not surprisingly, Appellants fail to cite any authority for their position.

Instead, the express terms of the statute limit the actions that are subject to the TPCA. To be subject to the TCPA, Appellants must show, by a preponderance of

14

the evidence, that the claims are in response to a communication by individuals "joined together" in furtherance of a "common interest." *Id.* at §27.001(2). As discussed below, numerous Texas courts have affirmed the denial of motions to dismiss because the movants failed to meet their burden to show that the communication was in furtherance of a common interest. That is also the case here.

### 2. Appellants failed to introduce any evidence to meet their burden that the communication was in furtherance of a common interest.

It is undisputed that Appellants have the burden to "show[] by a preponderance of the evidence that the legal action is based on, relates to, or is in response to the party's exercise of . . . the right of association." *Id.* at §27.005. Contrary to their claim, Appellants did not provide any evidence supporting their allegation that their conduct is protected by the First Amendment. There is not a single affidavit. There is not a single document. Nor did Appellants provide any evidence for their allegation that the communication was in furtherance of a common interest. Not a single affidavit and not a single document.

Instead, Appellants try to cobble together an argument based on Tejas Promotions' petition. In this regard, *Cheniere Energy, Inc. v. Lotfi,* 449 S.W.3d 210 (Tex. App.–Houston [1st Dist.] 2014, no pet.) is instructive. In *Cheniere*, as in this case, the trial court denied the motion to dismiss and the movant failed to offer any affidavits, relying solely on the petition. *Id.* at 211-12. Plaintiff sued her previous employer for wrongful termination and her former coworkers for tortious

interference. *Id.* As in this case, appellants moved to dismiss the tortious interference claims because it was "brought in response to their exercise of the "right of association" as defined in the TCPA." *Id.* at 212.

On appeal, the *Cheniere* appellants cited numerous paragraphs in the petition as the basis for their motion to dismiss. *Id.* at 214. Appellants Lotfi and Souki were Cheniere's CEO and general counsel, respectively. *Id.* at 212-13. Appellants argued that the action was based on their attorney-client communications as to whether to retain the plaintiff and their decision, based on those communications, to fire plaintiff. *Id.* at 213-214. Although these were internal communications that resulted in a common decision – to fire the plaintiff – the appellate court affirmed the denial of the motion to dismiss because appellants' failed to meet their burden to show a common interest:

> It may be that Souki and Rayford's decision was the result of (1) "a communication" (2) "between individuals who join together" (3) for the purpose of expressing, promoting, pursuing, or defending their "common interests." *See* TEX. CIV. PRAC. & REM. CODE ANN. §27.001(2). **But the record supports alternate conclusions as well.** For example, Souki and Rayford may have had divergent interests in seeking Lotfi's removal from the company: Souki arguably could have had a personal interest in dismissing Lotfi given Lotfi's allegation that Souki's son was given confidential company information, whereas Rayford's interest in having Lotfi dismissed could have been to further the financial interests of Cheniere given that dismissal for cause invalidated Lotfi's right to merit-based bonus compensation. **Without evidence on the matter, the extent to which Souki and Rayford acted in furtherance of a common interest is simply unknown.**

16

*Id.* at 214 (emphasis added). Because, Souki and Rayford could have had divergent interests when pursuing the same course of action, the appellate court affirmed the denial of the motion to dismiss because they did not meet their burden under the TCPA. *Id.* at 217. As recognized in *Cheniere*, a common interest will not be presumed. There must be evidence to support it. Appellants provided no such evidence in this case.

3. **Appellants' argument that the "internal communication" described in Tejas Promotions' Petition meets its burden to show a common interest misrepresents the Petition and Texas case law.**

Because Appellants failed to provide any affidavits or other evidence, Appellants are left with relying on the statements in Tejas Promotions' Petition. Of course, while relying on the allegations against them for their Motion to Dismiss, Appellants have also denied these same allegations as part of their General Denial. Because Appellants are precluded from having it both ways, the Court should affirm the trial court's denial of the Motion. *See Culbertson v. Lykos*, 790 F.3d 608 (5th Cir. 2015).

Appellants claim that "Tejas Promotions' claim for conspiracy to misappropriate trade secrets was based on, related to, or in response to the communication of the 'Draft Asset List' between Bruce Craig, Tyler Craig, Tejas Vending and Teri Moebus." Brief at 21. Appellants then argue that their common interest was "the capture of customers on the 'Draft Asset List' for Tejas Vending."

*Id.* However, as in *Cheniere*, there is no evidence to support their claim. There is no affidavit from Bruce Craig. No affidavit from Tyler Craig. No affidavit from Tejas Vending. And the affidavit of Teri Moebus, submitted by Tejas Promotions, does not support this claim. CR 155-158.

Like the appellants in *Cheniere,* Appellants could have had, and likely did have, divergent interests in their misappropriation of Tejas Promotions' trade secrets. For example, Appellant Bruce Craig may have misappropriated Tejas Promotions' trade secrets to "take Richard down," as was the testimony of Ms. Moebus. CR 156 at § 11. Appellant Tyler Craig, on the other hand, could have misappropriated Tejas Promotions' trade secrets because he was interested in pleasing his father. If anything, Ms. Moebus' affidavit testimony contradicts the Appellants' argument in support of a common interest and her interest could simply have been to keep her job. CR 156. Of course, there could have been a financial interest as well. But those interests could diverge depending upon the financial arrangement between father, son and Tejas Vending. Appellants' surmise and assumptions as to these individual's interests do not meet Appellants' burden of proof by a preponderance of the evidence, especially given the rule that the pleadings and evidence are viewed in the light most favorable to Tejas Promotions. *Serafine*, 466 S.W.3d at 369 n.28; *Newspaper Holdings,* 416 S.W.3d at 80-81.

To obscure their lack of evidence, Appellants claim that "private communications among members of an organization are protected under the right of association, regardless of subject matter, because members of an organization have a common interest." Brief at 17. However, there is no rule that internal communications among members of an organization are, by definition or somehow as a matter of law, communications for a "common interest." There is no Texas case standing for such a broad proposition.

In fact, numerous courts have analyzed communications among members of an organization and determined that there was no common interest. One such case is *Herrera v. Stahl,* 441 S.W.3d 739 (Tex. App. – San Antonio 2014, no pet.). In *Herrera,* the president of a homeowner's association was sued for defamation because, among other statements, he told other association members that appellants were "crazy" and "had no lives." *Id.* at 742. Under Appellants' broad theory, these internal communications among members would automatically be subject to the TCPA as communications for a "common interest." However, Texas law is not as Appellants would like this Court to believe. Instead, the appellate court affirmed the denial of the motion to dismiss because appellant failed to meet his burden to show the "specific common interests" that he was expressing or promoting. *Id.* at 743. Similarly, Appellants in this case have failed to meet their burden of identifying and proving any alleged common interest.

Even the *Combined Law Enforcement* case that is cited by Appellants on multiple occasions shows that courts must examine the evidence to determine whether individuals joined together for a common interest in making the communication. *Combined Law Enforcement Associations of Texas v. Sheffield*, 2014 Tex. App. LEXIS 109813 (Tex App.–Austin 2014, pet. denied). In *Combined Law Enforcement*, unlike the present case, appellants submitted some evidence of a "common interest" among members of the organization via affidavit testimony. *Id.* at *13. Based on that evidence, the appellate court determined that certain claims were based on "communications between individuals who joined together in CLEAT to collectively, express, promote, or defend the common interests of police officers." *Id.* at *13-14. On the other hand, other communications did not constitute the "exercise of the right of association" because there was no evidence to support a "common interest." *Id.* Those claims were not dismissed.

In the present case, Appellants have offered no evidence of "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." Tex. Civ. Prac. & Rem. Code Ann. §27.001(2). At best, the Court is left with Appellants' wishful assumptions as to the various individual's interests in making the communications. And, given that (1) Appellants have the burden of proof and (2) the evidence is viewed in the light most favorable to Tejas Promotions, that is not enough. Therefore, the Court should affirm the trial

20

court's denial of the Motion to Dismiss because Appellants failed to pass the first step of the analysis. This also means that the Court need not go to the second and third steps of analysis under the TCPA.

**B.    The Trial Court Correctly Denied The Motion To Dismiss Because Tejas Promotions Provided Clear And Specific Evidence Of Each Essential Element Of The Challenged Claims.**

The second step in the analysis is a determination of whether Tejas Promotions "establishe[d] by clear and specific evidence a prima facie case for each essential element of the claim[s] in question." *Id.* at §27.005(c). The phrase "clear and specific evidence" is not defined, nor is it a recognized standard. *Lipsky*, 460 S.W.3d at 589. There are numerous evidentiary standards: (1) beyond a reasonable doubt; (2) clear and convincing; and (3) preponderance of the evidence are some. "Clear and specific" is a lower evidentiary standard than any of these three. Under the clear and specific standard, a plaintiff merely must "provide enough detail to show the factual basis for its claim." *Id.* at 591. The TCPA "does not impose an elevated evidentiary standard or categorically reject circumstantial evidence." *Id.*

"Prima facie case" does have a traditional legal meaning. "It refers to evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *Id.* at 590 (citation omitted). The Texas Supreme Court has described it as the "minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true." *Id.* (citations omitted). Given this low standard

of proof, the affidavits and documents provided by Tejas Promotions easily established the elements of its challenged claims.

1. **Tejas Promotions provided clear and specific evidence of each essential element of its conspiracy claim.**

The essential elements of a conspiracy claim are: (1) the defendant(s) were a member of a combination of two or more persons; (2) the object of the combination was to accomplish (a) an unlawful purpose or (b) a lawful purpose by unlawful means; (3) the members had a meeting of the minds on the object or course of action; (4) one of the members committed an unlawful, overt act to further the object or course of action; and (5) the plaintiff suffered injury as a result of the wrongful act. *Chon Tri v. J.T.T.,* 162 S.W.3d 552, 556 (Tex. 2005).

The two affidavits provided in response to the Motion establish ample evidence of each and every element of Tejas Promotions' claims. The affidavit from Tejas Promotions' President, Richard Schappel, attests to the fact that Bruce and Tyler Craig formed Tejas Vending, LP and, thereafter, used Tejas Promotions' trade secrets to steal its customers. CR 77-81. As a result of these acts, Tejas Promotions' suffered a loss of revenue. *Id.* The affidavit testimony of Teri Moebus further corroborates Schappel's testimony in furtherance of establishing a prima facie case for conspiracy. CR 102-05.

Here, Appellants challenge three aspects of Tejas Promotions' conspiracy claim: (1) whether the list of customers was a trade secret; (2) proximate cause; and

22

(3) damages. First, Schappel's affidavit provides clear and specific evidence to establish a prima facie case that the customer list is a trade secret. CR 77-79 at ¶¶ 3-8. Additionally, as part of the NDA, Bruce Craig agreed that the customer list was both confidential and valuable. CR 83-87. In their Motion, Appellants try to weave certain statements together to disprove the fact that the customer list is a trade secret. However, the TCPA does not include a weighing of the evidence and only looks to whether the non-movant established a prima facie case.

Second, a prima facie case of proximate cause is established by the affidavits of Schappel and Moebus. These affidavits describe Appellants' wrongful conduct in detail and Schappel's affidavit clearly states that at least five of Tejas Promotions' customers terminated with Tejas Promotions after they were contacted by Tejas Vending. CR 77-81; 102-05.

Third, Schappel's affidavit provides clear and specific evidence of the damages element. In his affidavit, he described how Tejas Promotions earns revenue by charging its customers a percentage of the revenue that the customer generates. CR 77 at § 2. When Tejas Promotions lost at least five customers due to Appellants' wrongful conduct, it was damaged by losing this revenue. Therefore, Tejas Promotions provided clear and specific evidence to establish a prima facie case of conspiracy.

**2. Tejas Promotions provided clear and specific evidence of each essential element of its claim under the Uniform Declaratory Judgments Act.**

The UDJA allows a party to petition the court for a declaration regarding his or her rights under a written instrument. TEX. CIV. PRAC. & REM. CODE ANN. §37.004(a). The UDJA authorizes a court "to declare rights, status, and other legal relations" when subject matter jurisdiction is already present. *Id.* at § 37.003(a); *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). There must be a "justiciable controversy as to the rights and status of" the parties, and the requested declaration "must actually resolve the controversy" for a court to issue a declaratory judgment. *Brooks v. Northglen Ass'n,* 141 S.W.3d 158, 163-64 (Tex. 2004). "A justiciable controversy is one in which a real and substantial controversy exists involving a genuine conflict of tangible interests and not merely a theoretical dispute." *Texas Dep't of Pub. Safety v. Moore*, 985 S.W.2d 149, 153 (Tex. App.—Austin 1998, no pet.). Because Tejas Promotions provided clear and specific evidence to establish a prima facie case of a justiciable controversy, the trial court correctly denied the Motion to Dismiss.

Plainly, there is a controversy over the meaning and application of the NDA. In fact, Appellants filed a General Denial as to Tejas Promotions' request for a declaratory judgment. Furthermore, at no time has any Appellant agreed to any of Tejas Promotions' requests for declaratory judgment. Indeed, they allege in this

24

appeal that the Asset List does not constitute "Confidential Information." Tejas

Promotions requests the following declarations regarding the NDA:

a.  The "Non-Disclosure and Assignment of Inventions Agreement" ("NDA") is a valid, enforceable agreement.

b.  That the names and identities of Plaintiff's software vendors constitute "Confidential Information" under the terms of the NDA.

c.  That the information provided by Plaintiff to Bruce Craig via electronic mail on October 14, 2015 constitutes "Confidential Information" under the terms of the NDA.

d.  That pursuant to the NDA, Defendant Bruce Craig had an obligation, as Recipient, to prevent the disclosure of and refrain from disclosing "Confidential Information," including the Plaintiff's trade secrets, outside of the Relationship.

e.  That, under the terms of the NDA, the disclosure of "Confidential Information" and/or the failure to prevent the disclosure of "Confidential Information" constitutes a breach of the NDA.

f.  That pursuant to the NDA, the Plaintiff, as Discloser, has the right to pursue certain remedies, in the case of a breach of the terms of the NDA, which include the pursuit of monetary damages and injunctive relief.

As before, the two affidavits and attachments, including the NDA, establish ample

evidence of each and every element of their causes of action. CR 77-81; 102-105.

Appellants Tyler Craig and Tejas Vending claim that because they were not a

party to the NDA, there is no justiciable controversy between these two Appellants

and Tejas Promotions. In support, Appellants erroneously cite to *Sierra Club v.*

*Andrews County*, 418 S.W.3d 711 (Tex. App.—El Paso 2013), *rev'd on other*

*grounds*, 463 S.W.3d 867 (Tex. 2015). However, unlike *Sierra Club*, all of the

25

declarations requested by Tejas Promotions relate squarely to the NDA and seek to determine legal matters affecting the relationships of the parties. Of course, the interpretation of an unambiguous contract term is a question of law for the trial court. *Hill v. Heritage,* 964 S.W.2d 89, 135 (Tex. App. – El Paso 1997, pet. denied). Furthermore, a trial court having jurisdiction to render a declaratory judgment also has the power to determine issues of fact. *Id.* at 138. The declarations requested by Tejas Promotions in both the Original and Amended Petitions directly bear on the misappropriation claims made against all Appellants, necessarily including Tyler Craig and Tejas Vending.

Appellants also make the erroneous claim that the requested declarations "are declarations regarding pure issues of fact." This claim is simply incorrect. As can be easily seen, the declarations relate squarely to legal matters or mixed questions of law and fact. Furthermore, and contrary to the Appellants repeated argument otherwise, a breach of contract claim does not prohibit relief under the UDJA. *MBM Fin. Corp. v. Woodlands, Oper. Co.,* 292 S.W.3d 660, 669 (Tex. 2009). Therefore, the Court should affirm the trial court's denial of the Motion to Dismiss.

## II. The Trial Court Correctly Denied Appellants' Motion To Dismiss Because Appellants Failed To Carry Their Burden To Establish Each Element Of A Valid Defense To Tejas' Promotions Claims.

If (1) Appellants carry their burden to show that the claims are covered by the TCPA and (2) Tejas Promotions provides clear and specific evidence of each

26

element of its claims, the Court proceeds with the third step of the analysis. The third step concerns whether Appellants have met their burden with respect to a defense to Tejas Promotions' claims. Pursuant to the TCPA, Appellants have the burden to "establish by a preponderance of the evidence each essential element of a valid defense to [Tejas Promotions'] claim[s]." *Id.* at §27.005(d). There are two principal reasons why Appellants failed to meet their burden.

First, Appellants failed to plead any defenses in their Answer. CR 17-24. Appellants' Answer consists of a General Denial, Special Exceptions, and a Plea to the Jurisdiction. Appellants failed to plead any defenses. Pursuant to longstanding Texas law, an affirmative defense is waived if it is not pled. *Man Engines & Components, Inc. v. Shows*, 434 S.W.3d 132, 136-37 (Tex. 2014); Tex. R. Civ. P. 94. The TCPA is no exception. *Fawcett v. Grosu,* 498 S.W.3d 650 (Tex. App.— Houston [14th Dist.] 2016, pet. filed) (in the context of a motion to dismiss under the TCPA, appellants waived argument by not pleading defense in answer).

In *Fawcett*, a member of a Masonic Lodge filed defamation and other claims arising from a disciplinary proceeding against members of the same Lodge. *Id.* at 655. The trial court denied the motion to dismiss under the TCPA. On appeal, the appellants raised the defensive issues of truth and qualified privilege. *Id.* at 663. However, as here, appellants had failed to assert any defenses. *Id.* Instead, as here, appellants had only filed a general denial. *Id.* Therefore, the appellate court ruled

that "appellants have waived arguments related to truth and qualified privilege on appeal because these issues address affirmative defenses which they did not plead in their original answers." *Id.* The appellate court repeated the longstanding Texas law that "[a]ll affirmative defenses are waived when the defendant files only a general denial." *Id.* (citation omitted). Similarly, as in *Fawcett*, Appellants waived any argument concerning defenses because they filed only a general denial.

Second, Appellants failed to provide evidence to establish all of the essential elements of some unpled defense to Tejas promotions' claims. As discussed above, Plaintiffs failed to introduce any affidavits or other evidence to support their Motion. With respect to the declaratory judgment claims, Appellants' arguments are merely summary judgment type arguments based on Appellants' view of the requested declarations. Brief at 40; 50. With respect to the conspiracy claim, Appellants' argument that this claim is pre-empted by the Texas Uniform Trade Secrets Act is akin to special exceptions or tradition motion for summary judgment. Brief at 26-29. In neither case have Appellants provided evidence to carry their burden of establishing a defense to these claims. This is because Appellants did not plead a defense and did not provide evidence. Therefore, the Court should affirm the trial court's denial of Appellants' Motion to Dismiss.

## PRAYER FOR RELIEF

WHEREFORE, Appellee Tejas Promotions prays that this Court affirm the trial court's order denying Appellants' motion to dismiss, remand this case to the trial court for further proceedings, and for such other and further relief to which it may be entitled.

Respectfully submitted,

**BEATTY BANGLE STRAMA PC**
400 West 15th Street, Suite #1450
Austin, TX 78701
(512) 879-5050
(512) 879-5040 (FAX)

By: _/s/ Matthew R. Beatty_
    Matthew R. Beatty
    Texas State Bar No. 24001169
    mbeatty@bbsfirm.com
    Michael L. Navarre
    Texas State Bar No. 00792711
    mnavarre@bbsfirm.com
    Brittney K. Mollman
    Texas State Bar No. 24097302
    bmollman@bbsfirm.com

**COUNSEL FOR APPELLEE**

## CERTIFICATE OF SERVICE

On December 21st, 2016, I electronically filed this brief with the Clerk of the Court using the eFile.txcourts.gov electronic filing system which will send notification of such filing to the following:

Darryl W. Pruett
darryl@weichertlaw.com
The Weichert Law Firm
3821 Juniper Trace, Suite 106
Austin, Texas, 78738

J. Woodfin Jones
wjones@adjtlaw.com
Alexander Dubose Jefferson
    & Townsend, LLP
515 Congress Avenue, Suite 2350
Austin, Texas, 78701-3562

*/s/ Matthew R. Beatty*
Matthew R. Beatty

## CERTIFICATE OF COMPLIANCE

Based on a word count run in Microsoft Word 2013, this brief contains 6,706 words, excluding the portions of the brief exempt from the word count under Texas Rule of Appellate Procedure 9.4(i)(l).

*/s/ Matthew R. Beatty*
Matthew R. Beatty