**Affirmed and Memorandum Opinion filed May 27, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00681-CV

### ALLIED ORION GROUP, LLC AND
### ORION REAL ESTATE SERVICES, INC., Appellants

**V.**

### AARON PITRE, Appellee

**On Appeal from the 215th District Court
Harris County, Texas
Trial Court Cause No. 2019-00343**

## MEMORANDUM OPINION

Appellants Allied Orion Group, LLC, and Orion Real Estate Services, Inc. (together, Orion) bring this interlocutory appeal challenging the trial court's denial of Orion's motion to dismiss under the Texas Citizens Participation Act (TCPA)[1]

---

[1] Unless otherwise noted, citations to "TCPA" in this opinion are to the version in effect before the September 2019 amendments became effective. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961, 961–64 (current version at Tex. Civ. Prac. & Rem. Code Ann. §§ 27.001–.011), *amended by* Act of May 24, 2013, 83d Leg., R.S., ch. 1042, §§ 1–3,

seeking dismissal of the retaliation lawsuit filed under Labor Code chapter 21 in January 2019 by appellee Aaron Pitre. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(12) (interlocutory appeal of denial of TCPA motion to dismiss). Concluding that Orion did not meet its burden to establish that Pitre's lawsuit was based on a "communication" as defined by the TCPA, we overrule Orion's first issue—Pitre's lawsuit violated Orion's constitutional rights pursuant to the TCPA—and do not reach Orion's second issue—that Orion's actions were based on matters of public concern. We affirm the trial court's denial of Orion's TCPA motion.

## I. BACKGROUND

Pitre filed suit against his former employer alleging that his employment was terminated by Orion after he reported that he was directed to engage in discriminatory hiring practices by a client. *See* Tex. Lab. Code Ann. § 21.055. Pitre had been employed as a district manager for Orion, a property management company. A company employee supervised by Pitre made a complaint against Pitre after he counseled her for performance problems, leading to an investigation of Pitre by an outside law firm. Pitre was interviewed as part of the investigation and reported that it was "known that the owners did not want older people" and that they would prefer a "fresher look." Orion terminated Pitre shortly thereafter claiming that he had admitted to engaging in discriminatory hiring practices. In his petition, Pitre disputes this allegation claiming he never refused to hire someone because of their age. Though his petition does not assert any discrimination claims,

5, 2013 Tex. Gen. Laws 2499, 2499–500 (the version at issue in this opinion); *see also* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–12, 2019 Tex. Gen. Laws 684, 684–87 (amending TCPA and providing that suit filed before amendments become effective "is governed by the law in effect immediately before that date"). Pitre's lawsuit was filed on January 3, 2019; Orion's TCPA motion to dismiss was denied by operation of law on June 17, 2019. Tex. Civ. Prac. & Rem. Code Ann. § 27.008(a).

Pitre states he believes he was targeted because of his race and sexual orientation.

Orion answered Pitre's lawsuit and filed a motion to dismiss pursuant to the TCPA. Orion argued that Pitre's actions were a matter of public concern, as any potential applicant could have been affected by Pitre's allegedly unlawful actions. The trial court held a hearing on Orion's motion, but never ruled. Under the TCPA, Orion's motion was overruled as a matter of law after the expiration of thirty days. Tex. Civ. Prac. & Rem. Code Ann. § 27.008(a).

## II. ANALYSIS

In two issues, Orion argues that the trial court erred in denying its motion to dismiss because (1) Pitre's lawsuit violated Orion's constitutional rights pursuant to the TCPA and (2) Orion's actions were based on matters of public concern and were protected by the TCPA.

### A. TCPA framework

The purpose of the TCPA is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits. Tex. Civ. Prac. & Rem. Code Ann. § 27.002. The TCPA contemplates an expedited dismissal procedure when a "legal action" is "based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association." TCPA § 27.003(a). The right of free speech is at issue here. "To effectuate the statute's purpose, the Legislature has provided a two-step procedure to expedite the dismissal of claims brought to intimidate or to silence a defendant's exercise of these First Amendment rights." *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam). In the first step, the party filing a motion to dismiss under the TCPA bears the burden to show by a "preponderance of the evidence" that the "legal action" is "based on, relates to, or

is in response to," as relevant to this appeal, the party's exercise of the right of free speech. TCPA §§ 27.003(a), 27.005(b). If the movant satisfies this burden, the trial court must dismiss the lawsuit unless an exemption applies or unless the nonmovant "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code Ann. § 27.005(c).

In construing the TCPA and determining its applicability, we review statutory construction issues de novo. *See Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam). Similarly, whether the parties have met their respective burdens is a question of law that we review de novo. *See Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019). Under the de novo standard, we "make an independent determination and apply the same standard used by the trial court in the first instance." *Fawcett v. Grosu*, 498 S.W.3d 650, 656 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (internal quotation marks omitted).

## B. Does the TCPA apply?

In issue one, Orion argues that the trial court erred in denying Orion's motion to dismiss because Pitre's lawsuit implicated the TCPA. Though Orion broadly states that Pitre's lawsuit was "an attempt to prevent [Orion] from speaking on matters of free speech, the right to petition, and the right of association" in contravention of the TCPA, Orion's briefing only addresses Pitre's lawsuit as a restraint on free speech.

"'Exercise of the right of free speech' means a communication made in connection with a matter of public concern." Tex. Civ. Prac. & Rem. Code Ann. § 27.001(3). Therefore, as an initial matter, there must be a "communication." *Id.* (right of free speech is defined in TCPA to include communication).

4

"Communication" as defined in the TCPA includes "making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id*. § 27.001(1). Moreover, as the Supreme Court of Texas has recognized, private communications are covered by the TCPA, provided that they were made in connection with a matter of "public concern." *See Coleman*, 512 S.W.3d at 901.

Though the parties do not address the issue of whether Pitre's lawsuit involved a "communication," this issue is not waived. The supreme court has instructed courts to take a broad view of error preservation in TCPA cases due to the statute's "unique language." *Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 896–97 (Tex. 2018) ("In TCPA appeals, we have decided whether communications are matters of public concern under a de novo standard of review, suggesting that the determination is one of law. We have not previously cabined our TCPA analysis to the precise legal arguments or record references a moving party made to the trial court regarding the TCPA's applicability.") (citations omitted). Following this precedent, the El Paso Court of Appeals reviewed the applicability of the TCPA despite the fact it was not argued at all by the nonmovant/appellee, reasoning that "the unique aspect of the TCPA convinces us that we must, as part of our de novo review, be satisfied that the movant has met the initial burden under the statute to show the disputed claim is based on, relates to, or is in response to the exercise of free speech, petition, or associational rights." *Pacheco v. Rodriguez,* 600 S.W.3d 401, 406–07 (Tex. App.—El Paso 2020, no pet.) (concluding the supreme court's analysis in *Adams* suggests "independent duty on the court to look beyond the parties' arguments to the pleadings and affidavits before it, to determine if the predicates for the TCPA are met."). Therefore, we address this threshold issue to determine whether the TCPA applies

as part of our de novo review.[2]

The pleadings, especially the plaintiff's allegations, are the best evidence to determine the nature of a legal action and the applicability of the TCPA. *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017); *see also* TCPA § 27.006(a) (pleadings are evidence in TCPA cases). We cannot "blindly accept" attempts by the movant to characterize the claims as implicating protected expression. *See Sloat v. Rathbun*, 513 S.W.3d 500, 504 (Tex. App.—Austin 2015, pet. dism'd). In his lawsuit, Pitre asserts a single cause of action and alleges that Orion "retaliated against Pitre after he complained about race discrimination and/or age discrimination, in violation of the Texas Labor Code." Pitre further complains he was terminated and states that Orion's actions in terminating him were unlawful. Orion states, in its motion to dismiss, that its internal communication and investigation led to the conclusion that Pitre was employing unlawful and discriminatory employment practices. However, Orion ultimately characterizes Pitre's lawsuit as a response to Pitre's termination, stating Pitre filed "a retaliation lawsuit against [Orion] for them terminating him for among other things, admitting to employing unlawfully discriminatory labor practices," rather than to the making or submitting of a statement or document.

Though communications between Orion and Pitre may have occurred as part of the process that led to Pitre's termination, Pitre's lawsuit does not assert any claims based upon the making or submitting of any statement or document. *See Smith v. Crestview NuV, LLC*, 565 S.W.3d 793, 798 (Tex. App.—Fort Worth 2018,

---

[2] In his appellate briefing, Pitre responds to the argument he believes that Orion asserted on appeal and below—that Orion's internal discussion and investigation of the discrimination allegations are protected under the TCPA as free speech. However, Orion never actually makes that argument and repeatedly refers to its termination of Pitre as the "protected conduct and speech." Though Orion does attach to its motion to dismiss the investigative report from the outside law firm, it never links the report to the claims made in Pitre's lawsuit.

pet. denied) ("Although Smith testified at his deposition that he and Armstrong had discussions about the product, these discussions are not the basis of Crestview's narrow claim against him. The practical effect of Smith's position—any action he took as an aider under the [Texas Security Act] necessarily involved communications—would seem to extend the definition of communication, and thus the reach of the TCPA, to noncommunications."). Pitre's lawsuit was based on, relates to, or was in response to Orion's allegedly unlawful conduct in terminating his employment.

Orion's motion to dismiss, as well as its appellate briefing, argues without authority or explanation that Orion's actions in terminating Pitre involved the right of free speech: "[Orion's] actions in terminating [Pitre] . . . were necessary and they were actions that involved the right to free speech[.]" Though the TCPA is liberally construed by courts, Orion does not rely on authority to support its position that the act of firing an employee is a "communication." *See Coleman*, 512 S.W.3d at 898 (courts construe TCPA liberally to effectuate its purpose and intent fully).

Texas courts have held that when a claim does not allege a communication, and is instead based on a defendant's conduct, the TCPA is not implicated. *See, e.g.*, *Crestview NuV, LLC*, 565 S.W.3d at 798–99 (plaintiff's "aider-liability" claims were based solely on conduct and did not allege communication as defined by TCPA, and were therefore not subject to dismissal under TCPA); *Pacheco*, 600 S.W.3d at 410 (TCPA did not apply to defendant's cross-claim alleging negligent conduct); *Elite Auto Body LLC v. Autocraft Bodywerks, Inc*., 520 S.W.3d 191, 207 (Tex. App.—Austin 2017, pet dism'd) (TCPA did not apply to plaintiff's claims to extent they were predicated factually on conduct by defendant rather than on "communications" as defined by TCPA).

In a factually similar case, one of our sister courts held that when a plaintiff's lawsuit was predicated on a defendant's conduct in terminating him, rather than on any of the defendant's communications, the "claim was not based on, related to, or made in response to any communications within the meaning of the TCPA." *Clinical Pathology Labs., Inc. v. Polo*, No. 08-19-00067-CV, 2020 WL 4519803, at *7 (Tex. App.—El Paso Aug. 6, 2020, pet. denied). In *Polo*, the plaintiff sued his former employer for retaliatory discharge after he filed a worker's compensation claim. *Id*. at *1. As here, the plaintiff in *Polo* did not allege in his pleading that he was harmed by any defamatory or discriminatory statements made by his employer, or that the communications themselves led to his termination; instead, the only harm alleged was the employer's conduct in terminating the plaintiff after he filed his worker's compensation claim. *Id*. at *7. In *Polo*, the employer attempted to argue the plaintiff's lawsuit was at the very least related to communications leading up to his discharge. *Id*. at *6. The court rejected that argument, concluding that those communications were distinct from the decision to terminate and the communications were instead evidence that the parties would present at trial. *Id*. We find the reasoning of the court in *Polo* applicable here.

Orion does not cite to any cases which conclude that the termination of employment alone is communication within the meaning of the TCPA. Instead, Orion relies on *Coleman*, *Lippincott*, and *Memorial Hermann Health System v. Khalil* to support its position that its conduct in terminating Pitre's employment was protected speech. *Coleman*, 512 S.W.3d at 897; *Lippincott*, 462 S.W.3d at 509; *Mem'l Hermann Health Sys. v. Khalil*, No. 01-016-00512-CV, 2017 WL 3389645 (Tex. App.—Houston [1st Dist.] Aug. 8, 2017, pet. denied) (mem. op.). However, all three cases involved communications which triggered the harm and

liability, rather than conduct.

In *Coleman*, for instance, company managers accused a worker of falsely claiming he had filled out a safety-related report. 512 S.W.3d at 897–98. The accusation itself, even though made internally within the company, formed the basis of the defamation claim brought by the employee. *Id*. Similarly, in *Lippincott*, internal emails exchanged by hospital staff that accused a nurse practitioner of improper conduct constituted communications within the TCPA. 462 S.W.3d at 508–09. The substance of the emails formed the basis of the several claims, including defamation. *Id*. at 509

The third case relied on by Orion stems from claims made by a pediatric anesthetist of defamation, fraud, tortious interference with a contract, conspiracy, and intentional infliction of emotional distress.[3] *Khalil*, 2017 WL 3389645, at *1. Those claims arose from criticism of the pediatric anesthetist's performance by hospital employees in various internal communications. *Id*. at *2. Just as in *Lippincott* and *Coleman*, the lawsuit in *Khalil* was premised on statements and communications made by the nurse's employer. The court concluded that the pediatric anesthetist's action for defamation, fraud, and other torts was "in response" to several communications addressing her competence. *Id*. at *6. None of these cases support the proposition that termination, alone, of an employee is protected conduct or the exercise of free speech under the TCPA. The cases cited by Orion do not address a situation, as here, in which an employee challenged his termination and not a statement or communication made by his employer.[4]

---

[3] The plaintiff in *Khalil* also sued for age discrimination: however, the defendant did not move to dismiss that claim pursuant to the TCPA.

[4] Orion also cites to a federal-court-of-appeals opinion which analyzed whether an employee was unlawfully retaliated against for speaking to the press on a matter of "public concern" and thus protected by the First Amendment. *Garcia v. Hartford Police Dep't*, 706 F.3d

We conclude Pitre's claim is based on conduct by Orion that does not constitute a "communication" within the meaning of the TCPA. Therefore, Orion failed to establish by a preponderance of the evidence that Pitre's claims were subject to the TCPA. We overrule issue one, and therefore need not reach issue two—whether Orion's actions were based on matters of public concern. *See* Tex. R. App. P. 47.1.

## III. CONCLUSION

We affirm the trial court's order denying the motion to dismiss.

/s/     Charles A. Spain
Justice

Panel consists of Justices Wise, Bourliot, and Spain.

---

120, 130 (2d. Cir. 2013). Not only is the opinion in *Garcia* not binding precedent on this court, but the *Garcia* opinion addresses a federal-law First-Amendment retaliation claim and not a motion to dismiss pursuant to the TCPA. *See generally id*. It is notable that the reasoning of *Garcia* included a discussion of not wanting to "unreasonably allow public employers to inoculate themselves from First Amendment retaliation claims," and here Orion attempts to invoke a "public concern" to avoid addressing the merits of a state-law retaliation claim.